THE CLOUD COUNTY BANK OF CONCORDIA v. THE GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS.

### No. 153.

1. EVIDENCE—*in this case warrants instruction to return verdict for defendant.* In an action upon a fire insurance policy, where it appears that the insured has by his own act forfeited his right to recover under the policy according to its very terms, and no waiver is plead or shown, it is not error for the court to instruct the jury to return a verdict for the defendant.

2. INSURANCE POLICY—*payable to mortgagee as his interest may appear is for benefit of mortgagor.* Additional insurance taken out in the name of the owner of the property insured, with an indorsement that the loss, if any, shall be payable to a mortgagee named therein as his interest may appear, is not an insurance of the mortgagee's interest, but is an insurance of the property for the benefit of the owner; and, if taken out without notice or consent, is a violation of the condition in a prior policy avoiding it in case the owner shall take out additional insurance without the knowledge or consent of the company.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed July 20, 1897. *Affirmed.*

*Kennett & Peck,* for plaintiff in error.

*G. W. Barnett,* for defendant in error.

MAHAN, P. J. This is an action on a policy for fifteen hundred dollars on a livery barn and contents.

220          BANK v. INSURANCE CO.

N. Dept.          Opinion.   Mahan, P. J.          6 Kan. App.

The defendant answered in avoidance of its liability on the policy, alleging, *first*, the existence, without the knowledge or consent of the defendant, of a mortgage on the barn at the time the policy was issued, which was not indorsed upon or expressed in the policy; *second*, that the plaintiff in error permitted foreclosure proceedings upon the property, without the knowledge or consent of the defendant; and, *third*, that the plaintiff in error took out additional insurance upon all the property without the knowledge or consent of the defendant, which was not permitted by the policy and was in violation of its terms.

The provision of the policy to which the first defense is addressed is as follows:

"If the property above described is incumbered in any manner, it must be so represented to this company and expressed in this policy in writing, otherwise this insurance contract shall be void and of no effect."

The clause in the policy to which the second defense is addressed is as follows:

"If the property hereby insured be levied upon, or taken into possession or custody under any legal process, or if the title or possession be disputed in any proceedings at law or equity, or if the property be advertised for sale under a deed of trust or mortgage, or if a suit be commenced to foreclose a mortgage on the property insured, this policy shall at once cease to be binding upon the Company."

The provision of the policy to which the third defense is addressed is as follows:

"The consent of this Company to all additional insurance contracts relating to the property herein specified as insured, must be obtained and indorsed on this policy, or this policy will be void and of no effect, whether such additional insurance contracts shall be

valid or not, and whether such other companies shall be solvent or not.''

A copy of the policy was attached to the plaintiff's petition and made a part thereof. The plaintiff introduced his evidence showing the loss and the amount or value of the property, and rested.

It was developed, by the cross-examination of the plaintiff in error upon his case, that at the time the policy was issued the property was mortgaged to the plaintiff for the sum of five thousand dollars and accrued interest. The defendant offered evidence in support of its several defenses, and, at the conclusion of the evidence, the court instructed the jury to return a verdict for the defendant.

The only assignment of error is this action of the court in giving to the jury a binding charge to return a verdict for the defendant. Was there anything in the case, developed by the evidence, to submit to the jury? Or, could a verdict for the plaintiff have been sustained upon the evidence contained in the record?

In rebuttal of the first defense, there was evidence tending to show that the Company, through its general agent who issued the policy, knew of the existence of the mortgage at the time the contract was made and delivered. It is true the agent denied all knowledge of the existence of the mortgage, but it was a question to go to the jury, and, if this were the only defense, the case should have gone to the jury to determine whether or not, at the time the contract was made, the Insurance Company, through its agent, had knowledge of the incumbrance, the existence of which is plead to avoid the policy.

In rebuttal of the second defense — that the insured permitted the mortgage upon the property to be foreclosed — there was some evidence to the effect that

the defendant Company had waived its right to claim a forfeiture upon this ground. If this were the only defense, the case should have been submitted to the jury to determine whether there had been a waiver by the Company of this ground of forfeiture.

As to the third defense, the evidence showed that the insured and the plaintiff, to whom the cause of action was assigned after the loss, procured two other policies in the sum of one thousand dollars each to be taken out in favor of the insured upon the property. Under the provision of the policy above recited, this would avoid the policy, unless notice thereof was given to the Company, or unless, by the terms of the policy, the insured was permitted to take out other insurance. There is an entire absence of evidence that the existence of this additional insurance was known by the Company. Indeed, it is not claimed that any notice of it was given.

The plaintiff relies, *first*, upon the clause in the policy permitting concurrent insurance; and, *second*, upon the fact that the subsequent policies were not policies to the insured upon the property, but were policies to the mortgagee upon the mortgagee's interest. The policies were introduced in evidence, and upon their face they insure the owner of the property to whom the policy in suit was issued.

There is a clause inserted in the body of the policies to the effect that in the case of loss, if any should occur, the indemnity should be paid to the mortgagee as its interest might appear. But this is an insurance, not of the mortgagee's interest, but of the property itself, and would not entitle the Insurance Company to subrogation to the rights of the mortgagee under the mortgage in case of loss and payment by the Company, but would authorize, by the terms of the policy,

a recovery of the loss by the owner in case he showed that the mortgage was satisfied, or that the right of the mortgagee to the funds was released. The additional insurance is, in fact, to the insured under the policy in controversy.

There is some contention between counsel as to what in fact constitutes the clause in the policy in suit permitting additional insurance. After the written part of the policy designating the amount of insurance and the property upon which it is given, there is this clause : "Twelve hundred and fifty dollars on barn and two hundred and fifty dollars on feed. Concurrent insurance permitted."

Now it appears from the record that, at the time this policy was issued by the Company, another policy in another company was issued by the same agent to the insured for the amounts specified in this permit, upon the property therein specified. It is contended by the plaintiff in error that the permission for additional insurance was without limit. Upon the other side, it is contended that the permit referred to the $1,250 on the barn and the $250 on the feed, and it is contended by counsel for the defendant in error that the period appearing after the word "feed," was inserted by the stenographer and does not appear in the original policy. However this may be we cannot determine, nor would it make any difference. It was before the trial court, and that court must have determined from an inspection of the policy that the permit was limited to the fifteen hundred dollars expressed in the entire clause, and this is the correct interpretation. The action of the court in instructing the jury to find for the defendant can be sustained, and ought to be sustained upon the third defense. By the very terms of the policy the insured agreed,

224          BANK v. INSURANCE CO.

N. Dept.          Opinion.   Mahan, P. J.          6 Kan. App.

and his assignee is bound by the agreement, to give notice to the Company of any additional insurance, and obtain its consent thereto. There is no claim of notice, as above stated, and there is no evidence of any fact that would amount to a waiver of that condition. It is expressly provided that a failure to so give notice and obtain the consent of the Company should work a forfeiture of the policy. Had the case been submitted to the jury upon this defense, and a verdict returned for the plaintiff, it would have been the duty of the trial court under the evidence to have set it aside.

It is further contended by counsel for plaintiff in error that, although the court might have been justified in directing a verdict so far as loss by the burning of the barn was concerned, yet that it was error for the court to instruct the jury to return a verdict for the defendant as to the personal property in the barn. This contention cannot be sustained, for the reason that the additional insurance taken out by the insured covered the personal property as well as the barn itself.

Judgment affirmed.