No. 19,066.

G. V. STAMEY (THOMAS M. LILLARD, as Trustee, etc., substituted for G. V. STAMEY, a Convict), v. THE ROYAL EXCHANGE ASSURANCE COMPANY and the CONCORDIA FIRE INSURANCE COMPANY, *Appellants;* THE UNITED STATES CARRIAGE COMPANY, *Appellee.*

### OPINION ON REHEARING.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion on rehearing filed July 10, 1915. Reaffirmed. (For original opinion see 93 Kan. 707, 150 Pac. 227.)

*Eugene S. Quinton,* of Topeka, for the appellants.

*James A. Troutman,* of Topeka, for the appellee.

The opinion of the court was delivered by

WEST, J.: The abstract stated that the case as to the carriage company was submitted without a jury for judgment upon the pleadings and verdict of the jury and judgment thereon in the case of *Stamey v. Insurance Company,* but it also appears that the stipulation was stated by the court to be "and that upon the admitted facts in the case and the evidence now in, that are material, that if the carriage company is entitled to judgment against the insurance company, the court may render it." After taking the matter under advisement the court made findings of fact and the record does not show any motion to set any of them aside. In a brief upon the rehearing the carriage company sets out a transcript of the evidence, upon which it is stated that the findings as to actions of the company in having the premises watched were based. It would seem therefore that findings of fact are before us and must be considered.

Attached to and made a part of the policy was the following clause:

"It is understood that the two hacks insured under the first item is being sold to the assured under a contract issued by The United States Carriage Company, and loss, if any, is first payable to the United States Carriage Company as their interest may appear."

It is insisted that this is merely the standard clause under which the mortgagee became a mere appointee to receive the loss which would otherwise have been payable to the assured. Counsel is correct in his contention that *Dodge v. Hamburg-Bremen Fire Ins. Co.,* 4 Kan. App. 415, 46 Pac. 25, was based upon the union and not upon the standard clause, and that the case of *Bank v. Insurance Co.,* 6 Kan. App. 219, 49 Pac. 688, was based upon the standard clause and was decided in accordance with counsel's theory, and also that *Insurance Co. v. Coverdale,* 48 Kan. 446, 29 Pac. 682, and *Insurance Co. v. Boardman,* 58 Kan. 339, 49 Pac. 92, involved the union and not the standard clause.

It is vigorously argued that, as found by the trial court, no conditions were attached to the mortgage clause in this case, that the entire policy was attached thereto, and that by the language used the clause became a part of the policy itself, all

of which should be considered in connection with such clause. From the abstract it appears that the policy contained this provision:

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto."

It seems clear that an interest under the policy existed in favor of the mortgagee with the consent of the company, and also that the mortgagee had an interest in the subject of insurance other than that of Stamey, who was the insured named in the policy. The clause respecting this company was the standard clause, and according to many authorities of itself merely made the company the appointee to receive the loss on its property otherwise payable to Stamey, and which, of course, could not be claimed by the company unless Stamey could otherwise claim it. But not content with leaving this mortgage clause to govern, the insurance company inserted in its policy the provision that "the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached, or appended hereto," and no "provisions and conditions of insurance relating to such interest" were ever written upon, attached or appended to the policy except the mere mortgage clause itself, which was by its terms made a part of the policy. Hence there were no conditions so far as the carriage company was concerned, for the insurer contracted without conditions to pay the loss to such company. Had the policy omitted all reference to the mortgage clause and simply attached it to the policy then the position of counsel that a mere appointment and not a contract existed would be correct. But mortgagees seldom procure or have opportunity to examine policies issued to the owners, and as contracts of insurance prepared and solicited by the insurer are to be construed strongly against such insurer it must be held that, in view of the terms of the policy, the mortgage clause and the reference thereto in the policy, the carriage company had an independent contract of insurance and is entitled to recover,

and so far as that company is concerned the destruction of the property by the insured did not relieve the insurer from liability.

The former decision (references in the original opinion, 93 Kan. 707, 150 Pac. 227, to certain decisions being corrected as already indicated) is adhered to.

WEST, J. (dissenting) : While insurance contracts should be so drawn as to protect the interests of mortgagees, until they are so drawn voluntarily or by legislative command it is no province of the court to act as guardian for parties or make such contracts for them as they should have made for themselves. Here was an ordinary insurance policy drawn in favor of Stamey with a standard mortgage clause attached and made a part thereof—that is, a part of Stamey's contract for indemnity against loss by fire. He burned the property and therefore there was no loss payable to him—and therefore none payable to the carriage company. This view of the matter seems to harmonize with the terms of the contract voluntarily made and with the decision in the Dodge case (4 Kan. App. 415, 46 Pac. 25) as well as the unquestioned weight of authority. (*Delaware Ins. Co. of Philadelphia v. Greer,* 120 Fed. 916, 57 C. C. A. 188, 61 L. R. A. 137; 1 Clement on Fire Insurance, p. 37; 19 Cyc. 714, referring for support to decisions in twenty-two states of the Union, besides Federal and Canadian cases.)

I am authorized to state that Mr. Justice MARSHALL concurs in this dissent.