Argued December 6, 1921, reversed and remanded January 10, 1922.

## SMITH *v.* GERMANIA FIRE INSURANCE CO. OF NEW YORK.

### (202 Pac. 1088.)

**Insurance—No Recovery by Insured Where He Causes Premises to be Burned.**

1. Insured cannot recover on a fire policy where he willfully and intentionally caused the premises to be burned for the purpose of obtaining the insurance and defrauding the insurer, as public policy will not permit a recovery by one who seeks to profit through his own crime.

**Insurance—Forfeiture of Mortgagee's Interest by Insured's Act Depends on Conditions of Policy.**

2. Under a fire policy making the loss payable to a mortgagee, whether the mortgagee's interest is forfeited by any act of insured depends on the terms and provisions of the contract of insurance, unless the mortgagee is in collusion with insured.

---

2. On rights of mortgagee to benefit of insurance taken in name of mortgagor, see note in 25 L. R. A. 305.

On rights given by the attachment of a mortgage slip to an insurance policy, see note in 25 L. R. A. 679.

On effect of breach of policy of insurance by mortgagor on rights of mortgagee, see notes in 58 Am. St. Rep. 667; 18 L. R. A. (N. S.) 197; 25 L. R. A. (N. S.) 1226; 31 L. R. A. (N. S.) 455; L. R. A. 1915C, 758.

Insurance—Person to Whom Loss Payable Ordinarily an Appointee Whose Rights are Forfeited by Insured's Violation of Conditions.

3. Under a policy making the loss payable to a third person, the payee is not ordinarily a party to the contract, but only an appointee whose rights are dependent on the rights of insured, and a violation by insured of the conditions of the policy will forfeit the rights of the appointee.

Insurance—Mortgagee Clause Held to Make the Terms and Conditions Applicable to Mortgagee and Prevent Recovery for Willful Burning.

4. Under a fire policy providing that if an interest should exist in favor of a mortgagee, etc., the conditions thereinbefore contained should apply in the manner expressed in such provisions and conditions of insurance relating to such interest as should be written upon, attached, or appended thereto, and containing a mortgagee clause making the "loss, if any, subject, however, to all the terms and conditions of this policy," payable to the mortgagee, the terms and conditions of the policy applied to the mortgagee, and he could not recover where the property was intentionally burned by insured.

Insurance—When Terms and Conditions Plain, Court cannot Resort to Construction.

5. When the terms and conditions of an insurance policy are not vague nor ambiguous, but clear and definite, the court cannot resort to construction nor write a new contract of insurance as between the parties.

From Yamhill: H. H. BELT, Judge.

Department 2.

This is an action at law instituted by Arthur N. Smith as payee named in a fire insurance policy, against Germania Fire Insurance Company of New York.

One Arthur White was the owner of a two-story Mansard roofed frame building situate on the northwest corner of Third and "J" Streets, in McMinnville, Oregon, which building he occupied for drayage and feed stable purposes. Smith, plaintiff herein, was the owner and holder of a certain mortgage deed upon the above-described premises in the amount of $1,000, duly executed by Arthur White and his wife to secure a loan for like amount. Pursuant to agree-

ment contained in the mortgage, on the thirtieth day of August, 1917, White caused the property to be insured by the Germania Fire Insurance Company against loss or damage by fire, for a period to, and inclusive of, the thirtieth day of August, 1918, and paid the insurance company the required premium of $30, in consideration of which the company issued to him its policy of insurance containing the following loss payable clause:

"Loss, if any, subject, however, to all the terms and conditions of this policy, payable to Arthur N. Smith, mortgagee."

The policy contained a number of paragraphs declaring that it would be void upon the happening of either one of a great number of conditions.

On June 7, 1918, the property insured was totally destroyed by fire and the resultant loss, as adjusted by White and the lawful representatives of the insurance company, was $1,317.78. The proportion of the loss to be borne by the defendant company under its policy was $872.50. The company refused to pay the plaintiff the amount of the loss and denied liability therefor, and for a first further and separate answer and defense alleged that Arthur White, the owner of the property insured, had willfully and intentionally caused the premises to be burned for the purpose of obtaining the insurance thereon and defrauding the defendant. For a second further and separate answer and defense, the company alleged:

"That the said Arthur White did, for the purpose of inducing this defendant to pay under the said policy of insurance the amount of loss and damage to the said premises by the fire * * , sign, swear to and deliver to this defendant a statement in writing wherein and whereby the said Arthur White stated

and swore that the origin of the said fire was unknown to him; that at said time the said Arthur White well knew that he himself had willfully and intentionally caused the said premises to be burned * * ."

For a third separate answer and defense, the defendant averred:

"That in and by the policy of insurance issued by defendant to the said Arthur White * * it is provided that this company shall not be liable under said policy for a greater proportion of any loss on the described property than the amount insured by said policy shall bear to the whole insurance, whether valid or not * * . That at the time said fire occurred the said Arthur White held another policy of insurance in another company * * in the sum of $500 * * ."

Plaintiff demurred to these three separate defenses made by the answer. The court sustained the demurrer as to the first and the second separate answer and defense set up by defendant, and overruled it as to the third.

On May 10, 1920, trial was had without jury. On October 18, 1920, the court made and filed its findings of fact and conclusions of law, based upon which it ordered and adjudged that plaintiff have and recover of and from the defendant Germania Fire Insurance Company the sum of $872.50, with interest thereon at the rate of 6 per cent per annum from June 12, 1918, and costs.

From this judgment the defendant appeals, assigning error as follows:

"Error of the court:

"In sustaining plaintiff's demurrer to the first separate answer and defense set up in defendant's answer.

"In sustaining plaintiff's demurrer to the second separate answer and defense set up in defendant's answer.

"In rendering judgment against defendant for $872.50, or any sum.

"In rendering judgment * * for interest * * ."

REVERSED AND REMANDED.

For appellant there was a brief over the name of *Messrs. Veazie & Veazie,* with an oral argument by *Mr. J. C. Veazie.*

For respondent there was a brief over the name of *Messrs. Vinton & Tooze,* with oral arguments by *Mr. Walter L. Tooze, Jr.,* and *Mr. W. T. Vinton.*

BROWN, J.—We are called upon to determine whether the court erred in sustaining plaintiff's demurrer to defendant's first and second causes of defense stated in its answer. This presents two vital questions: First, by reason of the willful burning of his property, did the assured cause a forfeiture of his policy? Second, if we answer the first question in the affirmative and declare a forfeiture of the policy, does this defeat the right of the mortgagee to recover in this action?

The policy in the case at bar provides, among other things, that:

"Germania Fire Insurance Company of New York, in consideration of the stipulations herein named and of $30 premium, does insure Arthur C. White for the term of one year from the thirtieth day of August, 1917, at noon, to the thirtieth day of August, 1918, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding One Thousand Dollars, to the following described property * * ."

White was the insured, notwithstanding that the loss payable clause designated 'Arthur N. Smith, mortgagee, as the person to whom any loss was payable. This policy was made by the insurance company and accepted by the. assured, subject to agreements and provisions not in conflict with law or contrary to public policy.

1. If the matter stated in defendant's first further and separate answer is true, White, the assured, has no claim upon the Germania Fire Insurance Company. Public policy will not permit a recovery by one who seeks to profit through his own crime: *Schreiner* v. *High Court,* 35 Ill. App. 576; *Knights of Honor* v. *Menkhausen,* 209 Ill. 277 (70 N. E. 567); *Supreme Lodge* v. *Kutscher,* 72 Ill. App. 462; *Collins* v. *Metropolitan Life Ins. Co.,* 232 Ill. 37 (83 N. E. 542, 122 Am. St. Rep. 54, 13 Ann. Cas. 129, 14 L. R. A. (N. S.) 356).

In *Burt* v. *Union Cent. L. Ins. Co.,* 187 U. S. 362 (47 L. Ed. 216, 23 Sup. Ct. Rep. 139), the same being a life insurance case, the court said:

"It cannot be that one of the risks covered by a contract of insurance is the crime of the insured. There is an implied obligation on his part to do nothing to wrongfully accelerate the maturity of the policy. Public policy forbids the insertion in a contract of a condition which would tend to induce crime, and as it forbids the introduction of such a stipulation it also forbids the enforcement of a contract under circumstances which cannot be lawfully stipulated for."

2. The crime of the assured forfeits the policy as to himself, but not necessarily as to the interest of the mortgagee in the policy. The forfeiture of the mortgagee's interest depends upon the terms and

provisions in the contract of insurance, unless in collusion with the wrongdoer.

Hence, the second question involves the construction to be placed upon the standard mortgage clause contained in the policy, reading:

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written upon, attached or appended hereto."

And the loss payable clause, providing:

"Loss, if any, subject, however, to all the terms and conditions of this policy, payable to Arthur N. Smith, mortgagee."

3. Without the mortgage clause herein referred to, under a policy making the loss payable to a third person the payee is not a party to the contract, but only an appointee whose rights are dependent upon the rights of the insured, and a violation by the latter of the conditions of the policy will forfeit the rights of such appointee.

"But it has been held that where a policy provides that if any interest thereunder shall exist in favor of a mortgagee, or of any person having an interest other than insured, the conditions 'hereinbefore contained' shall apply in the manner expressed in such conditions relating to such interest 'as shall be written upon, attached or appended hereto,' a violation of the conditions by insured will not affect the rights of the person for whose benefit a loss payable clause is attached or indorsed on the policy unless such indorsed or attached clause also contains or refers to the conditions mentioned in the body of the policy."

26 C. J., § 344. Citing *Oakland Home Ins. Co.* v. *Bank of Commerce,* 47 Neb. 717 (66 N. W. 646, 58 Am. St. Rep. 663, 36 L. R. A. 673) ; *Welch* v. *British American Assur. Co.,* 148 Cal. 223 (82 Pac. 964, 113 Am. St. Rep. 223, 7 Ann. Cas. 396) ; *Queen Ins. Co.* v. *Dearborn Sav. etc. Assn.,* 175 Ill. 115 (51 N. E. 717) ; *Northern Assur. Co.* v. *Chicago Mut. Bldg. etc. Assn.,* 98 Ill. App. 152 ; *Christenson* v. *Fidelity Ins. Co.,* 117 Iowa, 77 (90 N. W. 495, 94 Am. St. Rep. 286) ; *Stamey* v. *Royal Exch. Assur. Co.,* 93 Kan. 707, 96 Kan. 99 (150 Pac. 227) ; *East* v. *New Orleans Ins. Assn.,* 76 Miss. 697 (26 South. 691) ; *Senor* v. *Western Millers' Mut. Fire Ins. Co.,* 181 Mo. 104 (79 S. W. 687) ; *Farmers' Nat. Bank* v. *Delaware Ins. Co.,* 83 Ohio St. 309 (94 N. E. 834) ; *Central Trust etc. Co.* v. *Dubuque F. & M. Ins. Co.,* 34 Ohio C. C. 218 ; *Edge* v. *St. Paul F. & M. Ins. Co.,* 20 S. D. 190 (105 N. W. 281) ; *Boyd* v. *Thuringia Ins. Co.,* 25 Wash. 447 (65 Pac. 785, 55 L. R. A. 165) ; *Royal Ins. Co.* v. *O. L. Walker Lbr. Co.,* 24 Wyo. 59 (155 Pac. 1101, Ann. Cas. 1917E, 1174).

The writer agrees with the construction of the clauses in question taught by these cases.

The contrary view, however, is supported by much respectable authority. The following cases appear in 26 C. J., Section 344, under note 80: *Brecht* v. *Law etc. Ins. Co.,* 160 Fed. 399 (87 C. C. A. 351, 18 L. R. A. (N. S.) 197) ; *Vancouver Nat. Bank* v. *Law Union etc. Ins. Co.,* 153 Fed. 440 ; *Atlas Reduction Co.* v. *New Zealand Ins. Co.,* 138 Fed. 497 (71 C. C. A. 21, 9 L. R. A. (N. S.) 433) ; *Delaware Ins. Co.* v. *Greer,* 120 Fed. 916 (57 C. C. A. 188, 61 L. R. A. 137) ; *Franklin Ins. Co.* v. *Wolff,* 23 Ind. App. 549 (54 N. E. 772) ; *McDowell* v. *St. Paul F. & M. Ins. Co.,* 207 N. Y. 482 (101 N. E. 457) ; *Clover Crest Stock Farm* v. *Wyo. Valley F. Ins. Co.,* 108 Misc. Rep. 465 (177 N. Y. Supp. 771) ; *Dumphy* v. *Commercial Union Assur. Co.* (Tex. Civ. App.), 142 S. W. 116.

4. The following is a fair example of the loss payable clauses as written in the policies involved in the two lines of cases referred to:

"Loss, if any, payable to George D. Welch, as his interest may appear."

But in the case at bar, the loss payable clause has been enlarged until it holds within its embrace "all the terms and conditions of this policy."

The case of *Burns* v. *Alliance Co-operative Ins. Co.*, 103 Kan. 803 (176 Pac. 985), is squarely in point. The mortgage clause in that policy is a duplicate of the mortgage clause in the policy involved in the instant case. The loss payable clause in that policy reads:

"Loss, if any, on buildings, to be adjusted with the assured and made payable to C. A. Burns, mortgagee, or assigns, of Wichita postoffice, State of Kansas, as his interest may appear, subject, however, to all the terms and conditions of this policy and the by-laws of this company."

In that case, the court said concerning the mortgage clause under consideration:

"By the great weight of authority its effect is to protect the mortgagee against any forfeiture resulting from a breach of the conditions of the policy by the mortgagor, unless such conditions are made a part of the loss payable clause or otherwise endorsed upon the policy or attached thereto: 14 R. C. L. 1086. There are a few cases to the contrary * * : 18 L. R. A. (N. S.) 207; but this court has already adopted the majority view: *Stamey* v. *Assur. Co.* (*supra*). The question to be here determined is whether the incorporating in the loss payable clause of the words, 'subject, however, to all the terms and conditions of this policy,' amounts to an endorsement or attachment of such terms and conditions, thereby

102 Or.—37

making them applicable to the mortgagee, as well as to the mortgagor. The very purpose of the language seems to be to make it clear that the mortgagee was not to be released from the restrictions laid upon the insured. We interpret it as adopting by reference all the provisions of the policy, and giving them the same force as though they had been again set out at length, thereby making them applicable to the mortgagee and preventing any exception or immunity in his favor."

The case of *Welch* v. *British American etc. Co., supra,* was cited in the Kansas case in behalf of plaintiff and was likewise cited and pressed upon our attention here. In the Welch case it was said, in the matter of making the terms and conditions of the policy apply to the mortgagee:

"It would not be necessary to write them out in full upon the policy, which would be practically impossible. A few words making the provisions, or certain of them, as was desired, applicable to the other interest, could readily be inserted in the slip containing what is called the 'loss payable' clause attached to the policy."

The rider is a part of the policy. The insurance contract must be taken by its four corners and construed as a whole. The terms and conditions of the policy apply to plaintiff and mortgagor alike.

"The law, it is said, abhors a forfeiture. This aversion has resulted in the rule that it may be prevented by construction as technical as that by which it is invoked." *Barber* v. *Hartford L. Ins. Co.,* 279 Mo. 316 (214 S. W. 207, 12 A. L. R. 758, 764).

5. The terms and conditions of the policy under consideration are not vague, nor ambiguous, but are clear and definite. Therefore, this court cannot resort to construction, nor can we write a new contract of insurance as between the parties. It may be that

plaintiff's acceptance of a fire insurance policy subject to forfeiture by reason of the acts of the mortgagor was due to lack of attention to his interests, or to want of understanding of the legal effect thereof. We will observe that ordinarily the mortgagee should have attached to his policy, as a rider, Standard Forms Bureau Form 371 (July, 1917), or its equivalent, whereby he is afforded the necessary protection and his policy is not invalidated by the acts or negligence of the mortgagor or owner.

The affirmative defenses set up by defendant herein referred to were good, and error was committed by the court in sustaining demurrer thereto.

Wherefore, the judgment in this cause is reversed and remanded to the Circuit Court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

McBRIDE, BEAN and RAND, JJ., concur.

---

Motion to dismiss appeal filed December 6, 1920, overruled conditionally January 11, argued on the merits November 29, 1921, affirmed January 17, 1922.