No. 21,301.

J. W. LONGFELLOW, *Appellant,* V. THE NATIONAL FIRE IN-
SURANCE COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

INSURANCE—*Loss Payable to Mortgagee as Appointee—Change of Title
to Insured Property—Policy Void.* A mortgagee sued to recover on an
insurance policy issued to his mortgagor. The mortgage clause merely
constituted the mortgagee an appointee to receive the proceeds of the
policy for and on account of the assured, subject to all the terms and
conditions of the policy. The mortgagor sold and conveyed the prop-
erty, which act, by the terms of the policy, rendered it void. Applica-
tion was made to the insurance company to substitute the purchaser of
the property as the assured in the policy. The insurance company im-
posed certain reasonable conditions, which were not complied with
until after loss had occurred, when the insurance company canceled
the policy, and returned the unearned premium to the mortgagor.
*Held,* the mortgagee cannot recover.

Appeal from Wyandotte district court, division No. 3;
WILLIAM H. MCCAMISH, judge. Opinion filed February 9,
1918. Affirmed.

*W. W. McCanles,* of Kansas City, *I. A. Smith, W. B. Kelley,*
both of Independence, Mo., and *James H. McVay,* of Kansas
City, Mo., for the appellant.

*E. S. McAnany, M. L. Alden,* both of Kansas City, *John F.
Stout, Halleck F. Rose,* and *Arthur R. Wells,* all of Omaha,
Neb., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by a mortgagee to recover on
an insurance policy issued to his mortgagor. The judgment
was for the defendant, and the plaintiff appeals.

The policy was issued to the owner of the property, Joseph
Leavick. One of the provisions was that the policy should be
void in case of change of title, possession, or interest, or in case
of assignment of the policy, unless otherwise provided by
agreement indorsed on the instrument. Leavick sold the
property and conveyed it to A. L. Landsberg. The sale and
conveyance were effected by a realty company, which later

undertook by correspondence to procure an assignment of the policy to the vendee. The insurance company imposed certain conditions, which were not met until after loss had occurred. The delay was caused by the realty company, and was not the result of inattention or other fault of the insurance company. After receiving information that loss had occurred, the insurance company returned to Leavick the proper proportion of the premium for the unexpired time subsequent to the date on which the company learned of the transfer to Landsberg, and canceled the policy as of that date. The plaintiff bases his right to recover on the following stipulation of the policy:

"This company hereby consents that the loss, if any, under this policy, after the same shall have been ascertained and duly verified by the assured, shall be payable to J. H. Longfellow, or assigns, Bonner Springs, Kan., mortgagee, for and on account of said assured; subject, however, to all the terms and conditions contained or referred to in this policy."

The stipulation merely constituted the mortgagee an appointee to receive the proceeds of the policy for and on account of the assured, subject to compliance by the assured with the conditions essential to recovery by him. There is no substantial disagreement among the authorities respecting this subject. A statement of principles and a list of cases in which the principles have been discussed and applied may be found in a case note, 18 L. R. A., n. s., page 197. In the note referred to, the clear distinction between the form of mortgage clause under consideration and the more modern form known as the union mortgage clause is pointed out and illustrated.

When Leavick sold the property he lost the right to claim insurance money, and the mortgagee lost the right to claim through him. The contract of insurance is personal. The insurer has a right to choose with whom he will contract. A substitute for the assured cannot be introduced without the insurer's assent, and he may condition his assent as he may choose. In this instance the insurer desired to know of the proposed substitute if he had ever suffered loss by fire, and if so, the particulars—a very reasonable requirement. The information was not furnished, and Landsberg was not accepted as the person assured in place of Leavick. This being true, the mortgagee cannot claim through Landsberg. The mortgagee has no claim except through an assured owner of the property having a right to recover, and no such person is in existence.

It is not necessary to find an apt name for the status of the policy while negotiations were pending for substitution of a new party for the one originally assured. Leavick was out and Landsberg was not in. The insurer lost no rights by entertaining the proposal to substitute. The negotiations were all in writing. They were fair and easy to understand, on the side of the insurance company, and the letters show that nobody was misled. They came to nothing, and the court properly instructed a verdict for the defendant.

The judgment of the district court is affirmed.