No. 21,664.

## C. A. BURNS, *Appellant,* v. THE ALLIANCE CO-OPERATIVE INSURANCE COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

1. FIRE INSURANCE—*Annulment of Policy by Acts of Insured.* The circumstances presented held to be such as to result in the annulment of a fire insurance policy so far as concerns any claim on the part of the insured.

2. SAME—*Mortgage Clause in Policy Interpreted.* Where an insurance policy contains a provision that its conditions shall apply to a mortgagee in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written thereon or attached thereto, and the attached clause which makes the loss payable to a mortgagee contains the words "subject to all the terms and conditions of this policy," all the conditions of the policy are thereby made applicable to the mortgagee, and if the rights of the owner have been forfeited by his breach of any such condition the mortgagee is likewise precluded from recovery.

Appeal from Sedgwick district court, division No. 1; RICHARD E. BIRD, judge. Opinion filed December 7, 1918. Affirmed.

*E. L. Foulke,* of Wichita, for the appellant.

*S. H. Allen, Otis S. Allen,* and *George S. Allen,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: L. O. Rutter obtained from the Alliance Co-operative Insurance Company a five-hundred-dollar fire insurance policy on a building owned by him. Afterwards he mortgaged the property to C. A. Burns for $250, and a slip was attached to the policy making the loss payable to the mortgagee, as his interest should appear. Thereafter Rutter was adjudged a bankrupt on his own petition, and the trustee sold the property. Still later it was destroyed by fire. The mortgagee demanded payment to the amount of his lien, and on being refused brought this action against the insurance company. There was no controversy over the facts, which were fully disclosed in the pleadings, and the court was asked by both parties to render

judgment in accordance therewith. Judgment was rendered for the defendant, and the plaintiff appeals.

1. Various reasons are suggested why Rutter himself could not have recovered. We regard the transfer of title referred to as a sufficient reason, inasmuch as the policy contained clauses making the policy void in case he should sell or transfer the property, without the consent of the company being indorsed thereon. (19 Cyc. 753; Note, 15 L. R. A., n. s., 827.) The point is sought to be made, in reliance upon *Insurance Co. v. Bank of Blue Mound,* 48 Kan. 393, 29 Pac. 576, that the by-laws of the company were not binding upon the plaintiff. The case cited has been doubted (*Smith v. Insurance Co.,* 82 Kan. 697, 703, 109 Pac. 390), but in any event cannot affect the result here, for the provisions referred to were made a part of the contract, and the mortgage rider was expressly made subject to the by-laws.

In response to a demand made by the mortgagee for payment of his claim, the company wrote a letter denying liability on the ground that "Mr. Rutter had abandoned the building some months ago, thus rendering the insurance void." It is argued that by placing the refusal to pay on this ground the company was precluded from relying upon the change of title. But the statement that the insured had abandoned the property seems broad enough to cover the grounds already referred to, or at least not to exclude them from consideration.

2. The vital question in the case is whether the contract gave the mortgagee a right to recover notwithstanding conduct of the insured which would have precluded any recovery by him. The policy contained a provision reading as follows:

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of insurance relating to such interests as shall be written upon, attached or appended hereto."

The language of the rider was:

"Loss, if any, on buildings, to be adjusted with the assured and made payable to C. A. Burns, mortgagee, or assigns, of Wichita, postoffice, State of Kansas, as his interest may appear, subject, however, to all the terms and conditions of this policy and the by-laws of this company."

The provision above quoted from the body of the policy, or one substantially the same, is required by the statutes of several states. (Note, 135 Am. St. Rep. 750.) By the great weight of authority its effect is to protect the mortgagee against any forfeiture resulting from a breach of the conditions of the policy by the mortgagor, unless such conditions are made a part of the loss-payable clause, or otherwise indorsed on the policy or attached thereto. (14 R. C. L. 1086.) There are a few cases to the contrary (*Brecht v. Law, Union & Crown Ins. Co.*, 160 Fed. 399.; 18 L. R. A., n. s., 207), but this court has already adopted the majority view. (*Stamey v. Assurance Co.*, 93 Kan. 707, Id. 96 Kan. 99, 150 Pac. 227.) The question to be here determined is whether the incorporating in the loss-payable clause of the words, "subject, however, to all the terms and conditions of this policy," amounts to an indorsement or attachment of such terms and conditions, thereby making them applicable to the mortgagee as well as to the mortgagor. The very purpose of the language seems to be to make it clear that the mortgagee was not to be released from the restrictions laid upon the insured. We interpret it as adopting by reference all the provisions of the policy, and giving them the same force as though they had been again set out at length, thereby making them applicable to the mortgagee, and preventing any exception or immunity in his favor.

In *Welsh v. British American, etc., Co.*, 148 Cal. 223, which is cited in behalf of the plaintiff as in conflict with the conclusion we have reached (but which we regard as not in point because the loss-payable clause contained only the words: "Loss, if any, payable to George D. Welch as his interest may appear" [p. 230]), it was said of the method of making the conditions of the policy applicable to the mortgagee:

"It would not be necessary to write them out in full upon the policy, which would be practically impossible. A few words making the provisions, or certain of them, as was desired, applicable to the other interest could readily be inserted in the slip containing what is called the 'loss payable' clause attached to the policy." (p 227.)

Our attention has not been called to any decision holding the mortgagee to be relieved from the conditions imposed upon the owner, where the loss-payable clause contained anything which we consider equivalent to the words, "subject, however, to all

the terms and conditions of this policy," for we do not regard such a phrase as, "This slip is attached to and forms a part of policy No. . . . ," as meeting that description, or as having any effect other than to identify the particular policy to which the slip is intended to apply. Nor do we find any case involving the precise question here presented—that is, where the body of the policy provided that its conditions should not apply to a mortgagee unless they were indorsed thereon or attached thereto, and the "loss-payable" clause in favor of the mortgagee was expressly made subject to all the terms of the policy.

In *Longfellow v. Insurance Co.,* 102 Kan. 473, 170 Pac. 813, the loss-payable clause was substantially the same as in the case at bar, and the mortgagee was held to be merely an appointee to receive the proceeds, but no occasion arose to consider the effect of the portion referring to the terms and conditions of the policy, for the body of that document did not contain any reference to a mortgagee, and his situation would have been no better had the "subject to" clause been omitted from the rider. (Note, 18 L. R. A., n. s., 199.) The same situation was presented in *Atlas Reduction Co. v. New Zealand Ins. Co.,* 138 Fed. 497, but there the court gave an interpretation to the "subject to" clause, in these words:

"But the question under consideration is not solved by merely ascertaining the meaning of the words 'as their interest may appear.' They do not stand alone, and are not controlling. By the plain terms of the indorsement the consent to pay the loss to Dodge and Stevenson was made 'subject to all the conditions' of the policy. This qualifying clause means that the consent was given upon the express condition that the conditions of the policy were not thereby abrogated or waived, but that they should have effect and be respected in like manner as if the indorsement had not been made. It means that a loss, to be payable to Dodge and Stevenson under the indorsement, must be one which, under the conditions of the policy, would be payable to the insured, and that whatever, under those conditions, would defeat the insured's right to payment in the absence of the indorsement, will equally defeat it in the presence of the indorsement." (p. 504.)

The judgment is affirmed.