No. 25,262.

E. H. HILL and R. F. HOWARD, Partners, etc., as HILL-HOWARD MOTOR COMPANY, *Appellees*, v. INTERNATIONAL INDEMNITY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

FIRE INSURANCE—*Mortgage Clause in Policy—Additional Insurance Forbidden —Violation of Conditions of Policy by Insured Prevents Recovery by Mortgagee.* Under a fire insurance policy making the loss payable to a named mortgagee as his interest may appear, and in the absence of any provision in the policy or mortgage clause creating a different relation, the mortgagee is not a party to the contract, but he is merely an appointee to receive the proceeds of the policy to the extent of his interest in the event of a loss, and his rights to receive such proceeds depend upon the rights of the insured, and a violation of the conditions of the policy by the insured which prevents his recovery thereon will also prevent recovery by the mortgagee.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed May 10, 1924. Reversed.

*Thomas F. Doran,* and *Clayton E. Kline,* both of Topeka, for the appellant.

*Albert Faulconer, Kirke W. Dale,* and *C. L. Swarts,* all of Araknsas City, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action on a fire insurance policy by the mortgagee, to whom the loss was payable. From a judgment for plaintiff the defendant has appealed.

E. A. Redd purchased from the Hill-Howard Motor Company a Chalmers touring car and in part payment gave to the sellers his note, in effect a chattel mortgage on the car which stipulated that the purchaser should insure the automobile against fire in favor of the seller for an amount sufficient to cover the principal of the note. In compliance with that stipulation Redd took out a policy of insurance against loss by fire on the automobile in the International Indemnity Company, which policy contained this provision: "The automobile described is fully paid for by the assured

and is not mortgaged or otherwise encumbered, except as follows: $450.00 due Nov. 9, 1919. Loss, if any, payable to Hill-Howard Motor Co. as their interests may appear." The policy also contained this provision: "It is a condition of this policy that it shall be null and void: (b) If at the time a loss occurs there be any other insurance covering against risks assumed by this policy which would attach if this insurance had not been effected." Thereafter Redd took out an insurance policy in the Western Automobile Insurance Company against loss by fire upon the same automobile. While both policies were ostensibly in force the car was destroyed by fire. This action was not brought by Redd but was brought by the mortgagee named in the first policy. The answer set up the conditions of the policy above set out and alleged that the conditions of the policy had been broken by the taking out of the second insurance policy and that therefore the first policy had become void, for which reason the defendant denied liability. No reply was filed. The only evidence offered by the plaintiff on the trial was as to the value of the car at the time of the fire and the amount still due the mortgagee, and on behalf of defendant evidence was offered of the taking out by Redd of the second insurance policy on the car. There was no claim made on behalf of the plaintiff that the defendant had in any manner waived the conditions of the policy sued on, nor that it had so conducted itself as to be estopped from asserting the defense plead.

Appellant contends that the conditions of the policy which avoided it by taking out other insurance were binding upon the mortgagee as well as upon the assured. It is a well-settled principle of insurance law, which has been long established and apparently universally followed, that where the policy simply designates the mortgagee as the person to whom the loss, if any, is payable to the extent of his interest, the balance, if any, to be payable to the assured, that the mortgagee is bound by the conditions of the policy to the same extent the assured is bound, and if the conditions be broken in such a way that the assured cannot recover, the mortgagee cannot recover.

In *Franklin Savings Institution v. Central Mutual Fire Insurance Co.*, 119 Mass. 240, it was held:

"Where a building is insured against fire by a policy which provides that 'if the assured shall vacate the property in whole or in part, this policy shall be void; this company will not insure unoccupied property,' and an indorsement is made upon the policy by which it is to be payable in case of loss or

damages to mortgagees of the insured property 'as their mortgage claim may appear,' and the property is afterwards destroyed by fire, when unoccupied, the policy is void both as to the original assured and the mortgagees."

In the opinion it was said:

"It has been repeatedly held by this court that such an indorsement does not operate as an assignment of the policy, nor as a contract to insure the interest of the mortgagees, but they can claim only what the party originally insured is entitled to recover under his contract."

In *Holbrook v. Baloise Fire Ins. Co.,* 117 Cal. 561, the policy contained a clause naming the mortgagee and stipulating that loss, if any, is payable to said mortgagee. The policy contained a provision that if other insurance should be taken on the property without the consent of the insurance company, the policy would be void. Other insurance was taken, and it was held that the policy was void both as to the insured and as to the mortgagee.

In *Jaskulski v. Citizens' Mut. Fire-Ins. Co.,* 131 Mich. 603, where a fire insurance policy was issued to the owner of the property and on it was indorsed, "Loss, if any, payable to E., mortgagee, as his interest may appear," the mortgagee had no contract with the company, avoiding the effect of a condition in the policy rendering it void on a transfer of the property without written notice to the insurer.

In *Am. Central Ins. Co. v. Birds B. & Loan Ass'n,* 81 Ill. App. 258, the insurance policy contained the clause, "Loss, if any, payable to the Birds Building & Loan Association, as its interest may appear." The policy contained a provision that it should be void and of no effect if, without notice to the insurance company and the permission thereof, the assured shall now have or hereafter make or procure any other insurance, whether valid or not, on the property insured. It was said in the opinion:

"The fact that the loss was made payable to the appellee as its interest might appear, did not prevent a breach of condition of the policy from making it void as to appellee." (p. 261.)

In *Franklin Ins. Co. v. Wolff,* 23 Ind. App. 549, it was held:

"A mortgagee to whom a loss is payable as his interest may appear is not an assignee of the policy in the sense that a new contract of indemnity is created with the insurer. Such mortgagee is therefore bound by a clause in the policy prohibiting other insurance of the property by the insured."

In the opinion it was said:

"The effect of the mortgage clause is that the company agrees, if money becomes due the mortgagor under the contract, to pay it to the mortgagee

instead of paying it to the mortgagor himself. . . . The mortgagee can recover only in case the mortgagor could have done so." (p. 554.)

In *Building and Loan Association v. Insurance Co.*, 50 La. Ann. 1243, the policy contained the clause:

"Any loss that may be ascertained and proven to be due the assured under the contract, shall be payable to . . . (mortgagee) as its interest may appear at the time of the fire and remainder, if any, to the assured." (p. 1244.)

After loss the mortgagee sued on the policy. It was held that the mortgage clause "secures to the mortgagee, while his mortgage is extant, the right of recovering any amount which may become due by the insurance company in which the insurance was effected upon that condition. . . . The fact that the loss, if any, was made payable to the mortgagee, did not have the effect of cancelling the conditions precedent to recovery." (p. 1246.) Other insurance was taken out by the assured in violation of the terms of the policy. It was held that the mortgagee could not recover.

In *Antes v. State Ins. Co.*, 61 Neb. 55, under a mortgage clause attached to a policy of insurance as follows, "Loss, if any, payable to ———— as her interest may appear, she being the mortgagee," held, that the mortgagee stood in no more favorable light than an assignee of the policy to the extent of her interest in the insured property, by virtue of her mortgage, and that the contract of insurance is with the mortgagor, its validity depending upon performance or waiver of conditions which it contains. In this case the conditions of the policy were violated by the assured taking out other insurance, and it was held that the mortgagee could not recover.

In *Keith v. Royal Ins. Cos.*, 117 Wis. 531, it was said:

"Under a policy issued to the owner of property and providing, with respect to a mortgagee, merely that the loss, if any, shall be payable to the latter as his interest may appear, the insurer owes no other or different duty to the mortgagee than by its contract it owes to the insured. The mortgagee can recover solely in the right of the insured and only when the latter can." (syl. ¶ 3.)

In *Roper v. Insurance Co.*, 161 N. C. 151, the court had before it several insurance policies, some of which had the mortgage clause in the form spoken of as the New York and New Jersey standard mortgage clause (which is the same as the union mortgage clause mentioned in *Insurance Co. v. Coverdale*, 48 Kan. 446, 29 Pac. 682). As to such policies the court held that the rights of the mortgagee were not defeated by the failure of the insured to perform the con-

ditions subsequent set out in the policy. It also had consideration of a policy in which the mortgage clause, which it speaks of as the simple loss payable clause, providing that the loss, if any, is payable to the mortgagee as his interest may appear. As to this policy the court said:

"The courts with unanimity hold that the mortgagee acquires no greater rights than those enjoyed by the mortgagor insured. Such a clause amounts merely to a designation of the person to whom the policy is to be paid in case of loss, and not to an insurance on his own behalf." (p. 162.)

In *Williams v. Pioneer Co-op. Fire Ins. Co.*, 171 N. Y. S. 353, it was held:

"Where a fire insurance policy was rendered void by the act of insured in leaving the property unoccupied, a mortgagee cannot recover on the policy; there being no mortgagee clause thereon."

In that case the policy recited that the loss, if any, was first payable to the mortgagee and the balance, if any, to the insured.

In *Auto Owners' Protective Exch. v. Edwards,* 136 N. E. 577, (Ind.) an action by the conditional seller of an automobile on a policy taken out by the conditional purchaser, plaintiff alleging that his interest exceeded the amount due on the policy, which policy insured the plaintiff as his interest might appear, it was held that the plaintiff must aver that insured had performed the contract conditions in order to state a cause of action and that the insurer could make any defense against the plaintiff that it could against the conditional purchaser.

In 26 C. J. 273, the rule is thus stated:

"Under a policy making the loss payable to a third person as his interest may appear the payee is not a party to the contract but only an appointee whose rights are dependent upon the rights of the insured and a violation by the latter of the conditions of the policy will forfeit the rights of such appointee."

And in 14 R. C. L. 1084 it is said:

"A clause in a policy merely making the loss payable to a mortgagee as his interest may appear makes the mortgagee the simple appointee of the mortgagor to receive the proceeds of the amount of his interest, and to place his indemnity at the risk of every act and omission of the mortgagor that would avoid, terminate, or affect the insurance of the latter's interest under the terms of the policy."

To the same effect is 2 Cooley on Insurance, 1521; 2 May on Insurance, § 447 A; Ostrander on Insurance, § 117; 1 Clement on In-

surance, p. 37; Fire Insurance Contract, by Insurance Society of N. Y., p. 201, and authorities collected in the notes in 135 Am. St. Rep. 746, 18 L. R. A., n. s. 199.

The case before us is identical with *N. B. Fire Ins. Co. v. Morris B'k*, 136 Va. 402. There C. B. Toler took out an insurance policy on an automobile. The policy contained this clause: "Loss, if any, payable to the Morris Plan Corporation, as their interest may appear." The policy also provided that it should be null and void, "If, at the time a loss occurs, there be any other insurance covering against the risks assumed by this policy which would attach if this insurance had not been effected." Thereafter Toler took insurance upon the automobile in another company and both policies were ostensibly in force at the time the automobile was destroyed by fire. The mortgagee sued and recovered judgment in the court below and this was reversed by the supreme court with directions to enter judgment for defendant. The court said that a mortgagee of insured property may protect his interest therein so that no independent action of the mortgagor can injuriously affect it either by insuring in his own name or by having a clause inserted which stipulates that the interest of the mortgagee shall not be invalidated by the act or neglect of the mortgagor, but that had not been done. The court held:

"Where there is merely a clause providing that the loss, if any, shall be payable to the mortgagee as his interest may appear, the contract as to the mortgagee is merely collateral to the principal undertaking to pay the mortgagor, the mortgagee is merely an appointee of the fund, his rights are no greater than those of the assured, and therefore a breach by the latter will avoid the policy as to the mortgagee." (syl. ¶ 4.)

The situation is to be distinguished from that presented in *Insurance Co. v. Coverdale*, supra, where the court construed the union mortgage clause which specifically provided: "It being hereby understood and agreed that this insurance, as to the interest of the mortgagee, shall not be invalidated by any act or neglect of the mortgagor." In that case it was properly held that.by virtue of the mortgage clause the mortgagee had a contract of insurance with the company on which he could maintain an action in his own name. Under such a clause it has been repeatedly held that the mortgagee will not be defeated by the neglect or failure of the mortgagor, the assured, to comply with the terms of the policy, especially as to conditions subsequent.

The case is also to be distinguished from *Stamey v. Assurance Co.*, 93 Kan. 707, 150 Pac. 227, 96 Kan. 99. There the policy contained this provision:

"If, with the consent of this company, an interest under this policy shall exist in favor of a mortgagee or of any person or corporation having an interest in the subject of insurance other than the interest of the insured as described herein, the conditions hereinbefore contained shall apply in the manner expressed in such provisions and conditions of the insurance relating to such interest as shall be written upon, attached or appended thereto." (p. 709.)

All that was attached to the policy was a mortgage clause reciting, "Loss, if any, is first payable to the United States Carriage Company as their interest may appear." No statement whatever of the provisions or conditions of insurance were written upon, attached or appended to the policy except the mortgage clause. It was there held that because of the above quoted provision in the policy the rights of the mortgagee would not be affected by conditions of the policy unless such conditions were contained or referred to in the mortgage clause itself. This decision is in accord with the great weight of authority upon this point as shown by the authorities collected in the note 19 A. L. R. 1449, though there are decisions to the contrary. But the doctrine of that case is not applicable here for the reason that the policy sued on in this action contains no clause like that contained in the policy in the Stamey case. It may be noted that even though the policy contained a clause like that in the Stamey case the mortgagee is bound by the conditions of the policy if the mortgage clause itself contains or refers to those conditions, as in *Longfellow v. Insurance Co.*, 102 Kan. 473, 170 Pac. 813, and *Burns v. Insurance Co.*, 103 Kan. 803, 176 Pac. 985, where the mortgage clause provided that the loss, if any, was payable to the mortgagee, "subject, however, to all the terms and conditions contained or referred to in this policy."

From what has been said it is clear that the provision in this policy that the loss, if any, is payable to Hill-Howard Motor Company, mortgagee, as their interest may appear, merely constituted the mortgagee an appointee to receive the money in the event of loss, but in no sense relieved the mortgagee from the effect of acts or omissions of the assured which avoided the policy, from which it follows that the judgment of the court below must be reversed with directions to enter judgment for the defendant.