No. 26,986.

DELIA HOLE, as Administratrix of the Estate of FRED M. GILMER, Deceased, *Appellee*, v. THE NATIONAL FIRE INSURANCE COMPANY of Hartford, Conn., *Appellant*.

SYLLABUS BY THE COURT.

1. FIRE INSURANCE — *Forfeiture* — *Stipulation as to Foreclosure Proceedings* — *Rights of Successor of Mortgagor.* An insurance policy covering a farm dwelling house and barn, and household and kitchen furniture, provided it should be void on certain conditions, among which was the following: "Or upon the commencement of foreclosure proceedings; . . ." The land on which the property was situated was mortgaged. A mortgage clause was attached to the policy providing that loss should be paid to the mortgagee as its interest might appear, and that as to the interest of the mortgagee the insurance should not be invalidated by any act or neglect of the mortgagor. The policy, with mortgage clause attached, came into possession of the mortgagee. Afterwards the mortgagee commenced foreclosure proceedings, and prosecuted them to foreclosure sale, the proceeds of which satisfied the mortgage. The mortgagor having died, his widow as administratrix redeemed from the foreclosure sale, and brought suit to recover on the policy. *Held*, the provision relating to commencement of foreclosure proceedings is not ambiguous, is valid, and commencement of foreclosure proceedings by the mortgagee avoided the policy as to the mortgagor and his successor in interest.

2. SAME—*Forfeiture—Waiver.* Matters urged as waiver of forfeiture considered, and held to be without merit.

Fire Insurance, 26 C. J. pp. 28 n. 8, 30 n. 41, 31 n. 42, 238 n. 98, 298 n. 99, 440 n. 65.

Hole v. Nat'l Fire Ins. Co.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed January 8, 1927. Reversed.

*William Easton Hutchison, C. R. Hope, A. M. Fleming,* all of Garden City; *Robert Stone, George T. McDermott, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the appellant.

*Fred J. Evans* and *Ray H. Calihan,* both of Garden City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on an insurance policy covering farm property, consisting of a dwelling house, a barn, and certain personal property. The policy contained a provision that it became void if foreclosure proceedings were commenced. The defense was, foreclosure proceedings were commenced. Plaintiff recovered, and defendant appeals.

The case was tried on an agreed statement of facts which presents an unusual situation. The property was located in Finney county, and was mortgaged to the Warren Mortgage Company. The policy was issued by a state agent at Topeka, Kan., on January 8, 1920, and, through a local agent who transacted the business of procuring it, was delivered to the owner of the property, Fred M. Gilmer. A mortgage clause was attached to the policy when issued, making loss payable to the mortgagee as its interest might appear, and containing stipulations defining the relations between insurer and mortgagee. Among them was a provision that, as to the interest of the mortgagee, the policy should not be invalidated by any act or neglect of the mortgagor. On October 11, 1921, Gilmer died intestate. His widow was appointed administratrix, and continued to occupy the premises as her homestead. On October 3, 1922, the mortgagee commenced foreclosure proceedings, which were prosecuted to sale made on January 15, 1923. The sale was confirmed on the day it was made, and a certificate of purchase was issued to the purchaser, I. M. Blanton. The proceeds of sale satisfied the mortgage. Blanton, as holder of the certificate of purchase, insured the property on his own account. On June 12, 1924, the barn burned, and in due time Blanton collected his insurance. On July 12, 1924, plaintiff as administratrix sold the property under order of the probate court, and with the proceeds redeemed from the foreclosure sale. The policy was a five-year policy, and the term expired January 6, 1925. On January 12, 1925, plaintiff learned the policy was in possession of the Warren Mortgage Company. On January 16,

1925, plaintiff gave notice of loss, and on January 31, 1925, submitted proofs of loss. The action was commenced on February. 25, 1925, and resulted in a judgment for $946, and an attorney fee of $250, besides court costs.

Plaintiff does not dispute that insurer and insured may contract that a policy may be rendered void by commencement of foreclosure proceedings, but she says the policy sued on was not forfeited because the foreclosure proceedings were commenced by a mortgagee whose mortgage was in existence when the policy was issued and in whose favor a mortgage clause was attached. In support of this contention the following is quoted from 26 C. J. 239:

"But where insurer consents to an existing mortgage, a judgment of foreclosure will not forfeit the policy, although it prohibits the institution of foreclosure proceedings; . . ."

The authority cited for this text is *Fitzgibbons v. Insurance Co.*, 126 Ia. 52. The syllabus reads:

"A judgment of foreclosure of a mortgage covering a part only of insured property to which the company consented, will not work a forfeiture of the policy under a provision therein that the company should not be liable if suit for foreclosure be instituted or one in which the title, ownership, or possession 'of the property' insured is involved or called in question." (¶ 2.)

In the opinion it was said:

"Now, the condition of forfeiture which this policy provides is the institution of foreclosure proceedings against the 'property insured.' The 'property insured' consists in part of the dwelling house covered by the mortgage, and in part of personal property to which no mortgage or other lien has ever attached; and the foreclosure proceeding did not, therefore, involve the property insured, and no forfeiture resulted." (p. 55.)

It is clear the authority does not support the text, and the text is unsound.

The reason for a provision for forfeiture on commencement of foreclosure is increase of hazard. Experience has taught insurance companies that, when property owners become financially unable to take care of their secured obligations, or are so neglectful of them that foreclosure must be resorted to, likelihood of fire becomes greater. Under conditions otherwise satisfactory, insurance on property covered by mortgage in good standing is as safe as insurance on unencumbered property. Insurance on property covered by mortgage in default and in process of foreclosure, involves greater risk. If with knowledge of all the facts an insurer does

issue a policy on property covered by an overdue mortgage on which foreclosure may be commenced at once, and makes loss payable to the mortgagee, it is possible to say the provision for forfeiture on commencement of foreclosure was not intended to apply. *(Butz v. Farmers' Ins. Co.,* 76 Mich. 263.) Consent to insure under safe conditions, however, does not include or imply consent to carry the risk under conditions which have become hazardous, and if consent of the latter kind be negatived by a provision that the policy shall become void on commencement of foreclosure, the provision becomes operative when the condition creating the hazard occurs.

There are two insurable interests in mortgaged property, that of mortgagor and that of mortgagee. Ordinarily it is immaterial to the insurer to which one loss shall be payable. Since the insurance money takes the place of security destroyed, it is common practice to make loss payable to the mortgagee. This is usually done by some form of mortgage clause attached to the policy. The mortgage clause may or may not constitute an independent contract with the mortgagee. When the mortgage clause merely designates the mortgagee as the person to receive the proceeds of the policy, or the forfeiture provisions of the policy are made applicable to him the same as to the owner, whatever forfeits as to the owner forfeits as to the mortgagee.

In the case of *Bank v. Insurance Co.,* 91 Kan. 18, 137 Pac. 78, the court permitted recovery on a policy providing for forfeiture on commencement of foreclosure by a mortgagee claiming under a mortgage clause making loss payable to the mortgagee as his interest might appear, "subject, however, to all the terms and conditions of this policy." The decision is not in harmony with the general doctrine which was applied later in the case of *Burns v. Insurance Co.,* 103 Kan. 803, 176 Pac. 985. The syllabus reads:

"When an insurance policy contains a provision that its conditions shall apply to a mortgagee in the manner expressed in such provisions and conditions of insurance relating to such interest as shall be written thereon or attached thereto, and the attached clause which makes the loss payable to a mortgagee contains the words 'subject to all the terms and conditions of this policy,' all the conditions of the policy are thereby made applicable to the mortgagee, and if the rights of the owner have been forfeited by his breach of any such condition the mortgagee is likewise precluded from recovery." (¶ 2.)

If, as in this instance, the mortgage clause takes the form of an independent contract between the insurer and the mortgagee, pro-

viding that conduct of the owner shall not invalidate, breach of the terms of the policy having relation to the risk as between insurer and owner does not avoid the policy as to the mortgagee, and he recovers in case of loss in his own right.

Hazard is increased by commencement of foreclosure, whether the loss be payable to owner or to mortgagee. Since the mortgagee's personal security has failed, and he is obliged to resort to enforcement of his lien, his interest in the property has increased. But the owner's interest is a step nearer extinction, and it may please Providence that there shall be a fire and some insurance money to apply on the debt. Under these circumstances, a provision in the contract with the mortgagee that commencement of foreclosure shall terminate the insurance as to him unless consent of the insurer be obtained, would be fair. Granting, however, that *Bank v. Insurance Co.,* 91 Kan. 18, 137 Pac. 78, was well decided, and that the mortgagee's insurance under his special contract should continue notwithstanding it is subject to the conditions of the policy, including the condition respecting foreclosure, it is fair that the insurance should cover his interest alone, and the liability of the company should be the same as if the policy had been issued to him. The hazard having been increased by the mortgagor's default in not keeping the mortgage in good standing and in thus bringing on foreclosure, the contract with him that his insurance should cease on the happening of that event, is valid, and being valid, should be enforced.

In this instance the policy issued became void as to Gilmer when the Warren Mortgage Company commenced its foreclosure suit. The policy continued to protect the mortgage company until the sale to Blanton was confirmed and the proceeds of sale were applied to satisfaction of the mortgage company's judgment. Liability on the policy was then extinguished.

Plaintiff contends the provision relating to commencement of foreclosure proceedings was void because it was framed to operate *in vacuo*—"or upon the commencement of foreclosure proceedings." If, in order to give force to the provision, it be read "or upon commencement of foreclosure proceedings against the property," the Fitzgibbons case referred to above would prevent forefeiture because the foreclosure related to real estate only, and not to the household and kitchen furniture. To read the provision as referring to foreclosure of a real-estate mortgage would exclude forfeiture for

Hole v. Nat'l Fire Ins. Co.

foreclosure of chattel mortgage on the personalty. Plaintiff multiplies uncertainties until she is quite bewildered as to the meaning of the provision, and she asserts that because it is ambiguous if not altogether meaningless, it is void.

The subjects of mortgage and foreclosure are placed together in the mortgage clause:

"Or if the property or any part thereof shall hereafter become mortgaged or encumbered; or upon the commencement of foreclosure proceedings; . . ."

There is no doubt about what the foreclosure provision means. It is not indefinite or ambiguous or confusing. Anyone with capacity to understand what the parties were contracting about, knows what they meant. The question is whether the plain meaning was accurately expressed by the words used. In practice the question frequently takes this form: Was the plain meaning set down with such meticulous particularity that a court righteously bent on making the insurance company pay, cannot find so much as a distinction without a difference between thought and expression, which may be seized on and magnified to prevent forfeiture? Without debating the matter, the court is constrained to say that in this mortgage clause commencement of foreclosure proceedings relates to foreclosure of any mortgage or encumbrance on the property insured or any part of it.

Plaintiff contends privilege to forfeit was waived because, with knowledge of ground of forfeiture, the company did not elect to cancel the policy, and made no tender of unearned premium. The agreed fact was that the agent, who was a soliciting agent, knew of the foreclosure proceedings. His knowledge was not knowledge of the company. (*Pettijohn v. Insurance Co.*, 100 Kan. 482, 164 Pac. 1096; *Eikelberger v. Insurance Co.*, 105 Kan. 675, 189 Pac. 139.) So far as the agreed facts disclose, the first knowledge the company had of any of the events occurring after the policy was delivered was contained in the notice of loss and proof of loss sent to it in January, 1925. The policy was self-executing as to Gilmer, and not having notice of ground of forfeiture, the company was not required to elect to cancel and return premium. A contention that the company's state agent waived forfeiture by a letter denying liability, is without merit.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for defendant.