No. 29,772.

J. E. WELLER, *Appellee*, v. THE FARMERS ALLIANCE INSURANCE COMPANY, *Appellant*.

(296 Pac. 336.)

Opinion filed March 7, 1931.

*Stephen H. Allen, Otis S. Allen* and *George S. Allen,* all of Topeka, for the appellant.

*E. R. Sloan* and *F. A. Sloan,* both of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The action was to recover on a fire insurance policy. Judgment was for plaintiff. Defendant appeals.

The facts are that the policy was issued by appellant upon a barn on premises of appellee for $3,000. One of the provisions in the policy was as follows:

"This entire policy, unless otherwise provided by agreement indorsed thereon or added thereto by the secretary shall be void . . . if with the knowledge of the insured foreclosure proceedings be commenced."

Attached to the policy and bearing the same date as the policy is a mortgage clause in favor of the Union Central Life Insurance Company. This clause, among other things, provides:

"The insurance, as to the above-named mortgagee, shall not be invalidated by the failure to pay a premium or assessment, or by any act or neglect of mortgagor or owner of the property insured, . . . nor by any foreclosure, except upon ten days' notice to said mortgagee."

On February 9, 1928, suit was started to foreclose the mortgage On March 16, 1928, the life insurance company, which was the mortgagee, advised the fire insurance company, appellant in this case, as follows:

"I have brought an action to foreclose the Union Central mortgage on this farm, and wish that you would indorse on this policy that said policy shall remain in force and effect during the foreclosure of the Union Central mortgage."

It should be noted here that the above letter was written the day before a judgment was rendered foreclosing the mortgage of the real estate in question.

On April 23, 1928, the company attached a rider to the fire insurance as follows:

"This entry and indorsement is made and shall be subject to the condition that this policy is now in full force, and that there has been and is now no violation on the part of the assured of any condition or stipulation in said policy, except as fully expressed thereon.

"The property insured under the above-numbered policy being in the process of foreclosure, it is hereby understood and agreed that the liability of the Farmers Alliance Insurance Company shall be reduced one-half, subject to all the provisions of the policy, during such proceedings."

As noticed heretofore, judgment and foreclosure were taken on the 17th of March. The land was sold and a certificate of purchase issued thereon May 9, 1928. On May 10, 1929, it was redeemed from a sale by the mortgagor, appellee herein. On July 4, 1928, the barn in question was totally destroyed by fire. On November 1, 1928, appellant demanded a payment of the premium from the appellee. On November 30, 1928, the company addressed a letter to the appellee advising that the policy had been canceled on the 9th day of February, 1928.

It will be seen that the loss occurred after the foreclosure suit

had been started, judgment obtained and the land sold. This court has held that a provision in the policy, which provided that in case of foreclosure the policy was void, was good and that where loss occurred after the foreclosure proceedings were started the mortgagee or purchaser at the sale could not maintain an action on the policy even though there was a rider attached to the policy—that any loss should be paid to the mortgagee as his interest might appear. (*Bank v. Insurance Co.*, 106 Kan. 789, 189 Pac. 913; *Hole v. Nat'l Fire Ins. Co.*, 122 Kan. 328, 252 Pac. 263.)

This rule depended on the construction to be given the words "subject to all the terms and conditions of the policy" in the loss-payable rider.

In this case the question is, What was the effect of the rider of April 23, 1928? This was attached to the policy by the insurer after it had notice that foreclosure proceedings were started.

The original policy provided that the clause providing that the policy should become void if foreclosure proceedings should be started might be waived by an agreement indorsed or added to the policy.

When the appellant received notice that foreclosure proceedings had been started it had a right to do one of two things: It could do as the mortgagee desired and continue the policy in effect during the foreclosure proceedings, or it could answer that in view of the fact that foreclosure proceedings had been started the policy would be declared void. It saw fit to take the former course except that it limited its liability to one-half of the original amount of the policy. This limitation as to liability is persuasive in causing us to reach the conclusion that it intended to keep the policy alive as to the mortgagor, as well as the mortgagee. It is an answer to the argument that appears in the case of *Hole v. National Fire Insurance Co.*, supra, in which case this court went to considerable length to explain the reason for the soundness of the rule which provides that the policy shall become void if foreclosure proceedings be started. The court in that case said that when foreclosure proceedings were started the company had a right to assume that there was a great deal more likelihood of a fire which would furnish a little money to the mortgagor to pay the claim of mortgagee, and that consequently there was a greater risk to the fire insurance company that it would have to pay a loss after the mortgagor had so lost interest in his property that he would let it go to foreclosure. Presumably the

appellant in this case foresaw that change in the moral obligation of the mortgagor, and assuming that mortgagor would still be in possession of the property, provided that it would only pay one-half as much for loss of this property by fire for the same premium.

The case of *Burns v. Insurance Co.*, 103 Kan. 803, 176 Pac. 985, is of some help to us in arriving at the conclusion as to what construction should be put on the words "subject to all the terms and conditions of the policy" in the rider of April 23. That case held that this provision in the loss-payable clause revived all the terms and conditions of the policy as to the mortgagee. Here we are confronted with the question of whether these words in the clause under consideration revive the policy as to the mortgagor where the insurer issues it at the request of the mortgagee and at a time when it had a right to treat the policy as void if it so desired.

Appellant urges that this policy was already void as to the mortgagor at the time this request was made of the insurer by the mortgagee. However, that argument does not impress us in view of the first part of the rider, which provided that the continuing of the policy in force was subject to the condition that the policy was in full force at that time.

Appellant also argues that the rider under consideration would not have the effect of keeping alive the policy as to mortgagor on account of the fact that he had no notice of the contract entered into at that time between the insurer and the mortgagee. However, this court has held that a contract made for the benefit of a third person may be enforced by him, though he was not a party nor cognizant of it when made. (*Maddock v. Riggs,* 106 Kan. 808, 190 Pac. 112; *Weld v. Carey,* 122 Kan. 666, 253 Pac. 235.)

Appellant also urges that since the rider only provided for the insurance during the foreclosure proceedings, that as soon as the land was sold the foreclosure proceedings terminated and the liability of the insurance company terminated. We do not agree with the conclusion reached by the insurer that the foreclosure proceedings terminated with the sale of the property. The rule in 41 C. J. 889 is that—

"Ordinarily, a mortgage cannot be said to be foreclosed until the mortgagor's equity of redemption has been cut off, or the last step provided for in the process has been taken."

There are many things that can happen in a foreclosure suit after the property is sold.

We conclude that the rider of April 23 kept the policy in effect as to the mortgagor as well as the mortgagee. The judgment of the lower court is affirmed.