Jack J. Danella, J.
Plaintiff brought on this motion for partial summary judgment claiming damages as the only triable issue of fact in the event defendant’s affirmative defense is declared to be legally insufficient. However, during the course of the oral argument, it appeared that there would be other questions of fact to be resolved at the trial so that the motion will be considered as one brought under 'CPLR 3211 (subd. [b]) to dismiss a defense that has no merit.
Plaintiff, as mortgagee, is the named loss payee under an automobile policy of insurance issued by defendant to one DeTraglia as the named insured. The said DeTraglia had an automobile accident resulting in damages to his automobile. He proceeded to settle his claim for damages to his automobile with the tort-feasor without the knowledge of either plain *618 tiff or defendant. The said DeTraglia did not have the damages to the car repaired and when plaintiff repossessed the ear from the said DeTraglia, it discovered the damages to the automobile and learned about the accident. Defendant has made no payment under the collision part of the policy to either plaintiff or the said DeTraglia.
Defendant claims that it is relieved from making any payments because of the settlement with the tort-feasor without defendant’s knowledge or consent thereby destroying defendant’s rig’ht of subrogation against said tort-feasor. Defendant further claims that this act on the part of DeTraglia discharges its liability under the policy even as to plaintiff who is designated under the policy as the loss payee.
On the other hand, it is plaintiff’s contention that it does not stand in the shoes of the insured DeTraglia under the policy hut that it has separate and distinct rights thereunder ; and that the action of the insured DeTraglia in making his own settlement with the tort-feasor without defendant’s knowledge does not affect the obligations of the defendant to make payment to plaintiff under the provisions of the policy.
The rights of the parties are fixed by the contract of insurance. The language on the point at issue is clear and unambiguous, to wit: “ This insurance as to the interest of the lienholder shall not he invalidated by any act or neglect of the * * * mortgagor or owner of the within described automobile ”.
It unequivocably gives to the mortgagee or lienholder separate,' distinct and independent rights which are not dependent upon those of the mortgagor. Hence, any act on the part of the mortgagor cannot defeat such independent rights of the mortgagee. (Eddy v. London Assur. Corp., 143 N. Y. 311, 321-324.) Beference is made to the ease of Elmore v. Royal Ins. Go. (154 Kan. 93) where the court points out the distinction between the effect of a simple ‘1 loss-payable ’ ’ clause and 'the ‘1 standard ’ ’ or union mortgage clause as involved herein.
Plaintiff’s motion to strike from defendant’s answer the affirmative defense as being without merit is hereby granted.