W. G. VAN ZANDT *et al.* v. LODEMIA SHUYLER.
No. 41.

1. HUSBAND AND WIFE— *Sufficiency of Judgment.* It is immaterial to the defendant in error, who claims the property in controversy by virtue of a purchase from her husband, whether the judgment or the execution against said husband by virtue of which the levy was made is sufficient or not. She must recover, if at all, because she is the owner of the property converted, and must rely upon the strength of her title, and not upon the weakness of the title of the plaintiff in error.

2. ———— *Bona Fides of Transaction.* In Kansas, a married woman can hold her own separate property, can purchase property from her husband, and can be by him made a preferred creditor; but where she claims to have purchased property from, or to have been a preferred creditor of, the husband, who is financially embarrassed, the court should require clear and convincing

proof of the transaction and the good faith and adequate consideration thereof.

3. ———— *Rules of Evidence.* Except as stated in paragraph 2 of this syllabus, the same rules of evidence are to govern in transactions between husband and wife as in other cases.

4. ———— *Communications Between.* Communications between husband and wife, made while the marriage relation exists, cannot be testified to by either of them.

5. BILL OF SALE—*Evidence.* A bill of sale identified by the subscribing witness is sufficiently identified to be introduced in evidence.

6. HUSBAND *as Agent of Wife.* The acts and statements of the husband in the absence of the wife cannot bind her, unless done or made by him as her agent, while transacting her business, and connected therewith as part of the *res gestœ*, and were within the scope of his authority as such agent.

MEMORANDUM.— Error from Rice district court; J. H. BAILEY, judge. Action brought by Lodemia Shuyler against W. G. Van Zandt and H. H. Carr, for alleged conversion of broom-corn. Judgment for plaintiff, and defendants bring the case to this court. Affirmed. The material facts appear in the opinion, filed January 17, 1896.

*John W. Roberts,* for plaintiffs in error.

*Clark & Green,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J.: This is an action brought in the district court of Rice county, Kansas, by Lodemia Shuyler against W. G. Van Zandt and H. H. Carr, to recover the value of a quantity of broom-corn of which she claims to be the owner, and which she claims was taken from her possession by said defendants and converted to their own use. The plaintiff claims to be the owner of the broom-corn by reason of having purchased it from her husband, D. M.

Shuyler, at a time prior to its being baled, and before a portion of it had been cut or seeded. She claims to have paid him $95 for it, and to have paid $79.70 as the expenses of gathering, seeding, baling, etc., making a total of $174.70, which the broom-corn cost her. She claims that she had loaned her husband some money which she had received from her father's estate, and that, by a settlement had with him on February 14, 1888, he owed her $736.66, and that he then conveyed to her personal property of the value of $434, leaving a balance due her on that day of $302.66. A statement to that effect, bearing said date, signed by said D. M. Schuyler, is introduced in evidence, marked "Exhibit B." She also introduces a bill of sale, dated September 17, 1890, of the broom-corn for $95, as a part payment on the sum of $338 of money borrowed of her. Said bill of sale is signed by D. M. Shuyler, and is marked "Exhibit A." The defendant H. H. Carr claims that he levied upon said broom-corn and took possession thereof under and by virtue of an execution issued out of the district court of Reno county, Kansas, upon a judgment of record therein in favor of The Smith - Keating Implement Company against D. M. Shuyler *et al.;* that he levied upon said broom-corn as the property of said D. M. Shuyler, and that he sold the same to the highest and best bidder for cash, to wit, W. G. Van Zandt, for the sum of $173. The defendant W. G. Van Zandt was the purchaser of the property at the sale, and took possession of it. The agreed value of the broom-corn is $173.18. The case was tried with a jury, which returned a verdict for the sum of $175.80 in favor of the plaintiff, and judgment was rendered thereon against the defendants, and they bring the case here for review.

The defendant in error contends that the plaintiffs in error have paid the judgment upon which the execution issued, and hence cannot maintain their defense to the action. The evidence discloses the fact that they had indorsed a note to the Smith-Keating Implement Company, and after judgment had been rendered thereon they had paid the company. Whatever there may be in this question, the defendant in error is in no position to complain of it. The objection is raised in her brief for the first time, and we cannot, therefore, review the question. Besides, it is no concern of the defendant in error whether the judgment or the execution is sufficient or not. She must recover upon the strength of her own title, not upon the weakness of the title of the plaintiffs in error. If she is the owner of the broom-corn, she can recover, whatever may be the condition of the judgment or the execution, and if Mr. Shuyler is the owner of the broom-corn, then the condition of the judgment and execution is his affair, and not hers.

The only issue in the court below was : Did the broom-corn belong to the defendant in error, and, if so, did she by any act of hers waive the right to assert her ownership? The broom-corn was raised upon the homestead of Mr. and Mrs. Shuyler, and if Mrs. Shuyler owned it she must rely upon the purchase from her husband for her title. This property was apparently in the possession of the husband. He appeared to be the owner thereof, and there was some evidence tending to show that he had sold it as his own to one Harris. However, the deposition of Harris and the bill of sale do not appear in the record. It must be conceded that a married woman can hold her own separate property, can purchase property from her husband, and can be by him made a preferred creditor. Where a wife

claims to have purchased property from, or to have been a preferred creditor of, her husband, and he is financially embarrassed, the courts should require clear and convincing proof of the fact of the transaction, and the good faith and fair consideration thereof. In *Dresher v. Corson*, 23 Kan. 313, the supreme court says :

"Communications between husband and wife being privileged, the opportunity for fraud, if fraud is desired, is great, and searching inquiry is proper.    .    .    . Unless care is taken and courts are watchful, those laws which were designed for the protection of married women will become repulsive to the moral sense as mere covers for fraud."

Except the close scrutiny to be given such transactions between husband and wife, and the clear and convincing proof necessary to satisfy the court that the transaction has actually taken place, and that the same is in good faith and for adequate consideration actually paid out of the separate estate of the other, we apprehend that the same rules as to the admission of testimony are to govern as in other cases. The plaintiffs in error contend that the court erred in not requiring a communication of the husband to the wife to be related by D. M. Shuyler, and cite an Indiana decision to sustain their position. This may be correct in Indiana, but in Kansas both the husband and wife are prohibited from testifying to any communication between them while the marriage relation exists. (Gen. Stat. 1889, ¶ 4418.)

The plaintiffs in error claim that the court erred in admitting in evidence exhibits A and B, being the bill of sale and statement of settlement given by D. M. Shuyler to the defendant in error. As to exhibit A, which is the bill of sale of the broom-corn, the defendant in error testifies that she received the bill of sale from D. M. Shuyler on the day it bears date, and

that he wrote it, and Albert Corn testifies that he signed it as a witness at the request of Mr. Shuyler. Exhibit B is a statement of a settlement between Mr. and Mrs. Schuyler, and a payment of stock thereon, and the only purpose it could serve would be to furnish cumulative evidence that Mrs. Shuyler had received some money from her father's estate and had loaned $400 of it to her husband, and all of it had not been repaid. Mr. and Mrs. Shuyler had both testified to this fact, and Mrs. Shuyler testified that Mr. Shuyler wrote and delivered the statement to her. As to exhibit A, it was identified by the subscribing witness, which is sufficient. As to exhibit B, no prejudicial error was committed in its admission.

Several of the errors complained of relate to the refusal of the court to admit testimony of the acts and conversations of D. M. Shuyler in the absence of the defendant in error, and also as to a forthcoming bond executed by D. M. Shuyler and others. All of these matters may be considered together. The acts and statements of D. M. Shuyler in the absence of the defendant in error cannot bind her, unless they were done or made by him as her agent while transacting her business, and connected therewith as a part of the *res gestæ*, and were within the scope of his authority as such agent. D. M. Schuyler was her agent to fit the broom-corn for market, and to market it. He certainly was not her agent in the purchase of it, for he was the seller. The question which was material to the plaintiffs in error was, Did she own it? Had she actually purchased it in good faith for an adequate consideration out of the proceeds of her separate property? If so, then it was entirely immaterial to the plaintiffs in error what she or her agent may have done with it or said about it, and if she was not the

owner it would also be immaterial to the plaintiffs in error what they may have done with it or said about it, for their rights could not be prejudiced thereby. The only purpose the evidence could serve would be to assist in establishing the ownership in D. M. Shuyler, and he was not her agent in the purchase thereof, and she could not be bound by his acts or statements in her absence.

The remaining error complained of is in the refusal of the court to give the instructions asked by the plaintiffs in error. The brief of the plaintiffs in error upon this assignment of error, like all the others, is little more than a repetition of the petition in error. Our attention is not called to any particular question upon which they were entitled to instructions not given by the court. We are left to study it out ourselves, or let the client suffer if actual error has been committed. We have fully examined the instructions asked and those given, and find that nearly every instruction asked was given in the general instructions, and in almost the same language as those asked. The second and third instructions were not given in substance, and should not have been, for there is no evidence upon which to base them.

No material error was committed upon the trial of this action prejudicial to the substantial rights of the plaintiffs in error.

The judgment of the district court is affirmed.

All the Judges concurring.