No. 30,868.

HERMAN DAVIS et al., *Appellants*, v. THE UNION STATE BANK, *Appellee.*

(20 P. 2d 508.)

Opinion filed April 8, 1933.

*George Templar,* of Arkansas City, *James A. McDermott* and *Richard B. McDermott,* both of Winfield, for the appellants.

*W. L. Cunningham, D. Arthur Walker, Fred G. Leach* and *Wm. E. Cunningham,* all of Arkansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to recover damages for the filing of a motion in a foreclosure action. The motion was false and untrue and clouded the title of plaintiff to certain real estate. Judgment was for defendant. Plaintiffs appeal.

The petition of plaintiff alleged facts about as follows:

Cyrus D. Sanner and his wife, Myrtle B. Sanner, had been the owners in fee simple of the real estate in question. They had given the Union State Bank a second mortgage on this real estate. The mortgage became in default and the bank foreclosed and bid in the property and received a certificate of purchase. Some time subsequent to this Herman Davis became the owner of the fee. The plaintiffs Dave Schonwald, Morris Schonwald, John Welch and Guy Ormiston, acquired undivided interests in the oil and gas rights in the land.

The petition alleged that before expiration of the period of redemption Herman Davis redeemed the real estate by paying to the clerk of the district court of Sumner county the amount of the sale price, with interest and costs; that at the time of redemption this land had a great value for oil and gas leasing purposes; that plaintiff began negotiating with the Marland Production Company, and this company had offered plaintiffs $18,000 for a lease on this land, and that such a deal was about to be completed when "the defendant for the purpose of clouding the title of the said plaintiff to said land, and for the purpose of defeating and preventing the plaintiffs to sell said lease and obtain said purchase price, maliciously and without probable cause therefor did cloud the title of the said plaintiffs by filing in the district court of Sumner county, Kansas, in the action referred to above, a motion asking for an order of said court requiring the sheriff of said county to execute to the said Union State Bank a sheriff's deed for said premises, maliciously and falsely claiming in said motion that the plaintiff Herman Davis had failed and neglected to make redemption of said real estate from the sale above referred to by failing to pay to the clerk of said court the amount of the purchase price at which said property was sold at said sheriff's sale"; that the allegations of the motion were false and that defendant knew they were false and that the defendant knew at the time that Davis had redeemed the land; that the issues raised by the motion were tried in the district court of Sumner

county, and it was determined that Davis had made redemption according to law; that at the time the motion was filed and during the negotiations an oil and gas lease on the land had a value of $18,000, but that while the motion was pending an offset well was drilled and found to be nonproductive of oil and gas, and thereafter this land had no value for these purposes; that by reason of the false assertions of defendant, as alleged, the plaintiffs were damaged in the amount of $18,000, and the Marland Production Company refused to complete the negotiations and the purchase of the oil and gas lease because of the litigation instituted by defendant.

Subsequent to the filing of the first petition plaintiffs filed an amendment to the petition in which they alleged that in addition to the filing of the motion described in the original petition and as a part of the same transaction—

"The said defendant Union State Bank, by and through one of its managing officers, Grover L. Dunn, did state and declare to M. B. Fountain, at that time superintendent or officer in charge of the Land Department of the Marland Production Company, the proposed purchaser referred to in said original petition, that the said bank was the owner of the title to the land described in said original petition and that the said statement was made by the said managing officer of the defendant bank at the time and in connection with the filing of the said motion referred to in said original petition, and that the said bank so made said statement for the purpose of furthering its plan and intention to prevent this plaintiff from consummating his deal with the said Marland Production Company. The plaintiff further alleges that the said statement on the part of the said defendant bank through its managing officer was false and that said bank had no title to said land, but was made maliciously and for the purpose of preventing the plaintiff, the then owner of said real estate, from consummating the sale of the oil and gas lease to the Marland Production Company as alleged in said original petition."

This amendment was filed more than a year subsequent to the date the statements were alleged to have been made.

When the case was tried a statement was made by counsel for plaintiff about as given here. At the close of this statement of plaintiff defendant moved for a judgment on the pleadings and opening statement. This motion was sustained. It is from that judgment that this appeal is taken.

The trial court held that the action was for slander of title, and that the slander on which it was based was a motion filed in a pending action, and that such a motion is privileged and cannot be made the basis of an action for slander.

Plaintiffs argue that under the code it is wrong to call an action by any common-law name. Plaintiffs urge that the petition contains

all the allegations necessary to state a cause of action for slander of title and also a good cause of action for malicious prosecution of a civil action. The position of plaintiffs is stated in their brief:

"There is no question but that the plaintiffs sustained great damage by the acts and conduct of the defendant bank, and whether such acts and conduct constitute a slander of title or whether they constitute malicious prosecution of a civil action, the ultimate fact remains that these acts of the defendant damaged the plaintiffs, for which the plaintiffs are entitled to relief."

We cannot agree with plaintiff on this point. The rule is laid down in 49 C. J. 117, where it is said:

"Every pleading must be based upon some definite, consistent theory, and the nature and character of an action is determinable by the pleadings. Where it is doubtful upon what theory the pleading was drawn, the court will construe it according to the theory it deems most in accord with the facts alleged. The pleading should be construed so as to prevent parties from being misled. Thus it has been said that the court should consider what the opposite party had reason to understand was the issue tendered."

In *Grentner v. Fehrenschield,* 64 Kan. 764, 68 Pac. 619, this court held:

"The plaintiff must frame his petition upon a distinct and definite theory, and upon that theory the facts alleged must state a good cause of action. If the petition is not drawn upon a single and definite theory, or there is such a confusion of theories alleged that the court cannot determine from the general scope of the petition upon which of several theories a recovery is sought, it is insufficient." (Syl. ¶ 1.)

To the same effect is *McDowell v. Geist,* 134 Kan. 789, 8 P. 2d 401, where this court said:

"In considering whether plaintiff's petition states a cause of action it should be tested upon some definite theory of plaintiff's right to recover rather than upon the commingling of several theories, none of which is sufficient in itself." (Syl. ¶ 2.)

In the case at bar the plaintiff cannot be heard to say that the cause of action upon which they rely may be either slander of title or malicious prosecution or both. They must rely upon some definite theory.

With this point settled we will examine the petition. A portion of it has been quoted herein. In the petition reference is made to "false assertions" by the defendant, and to "assertions and statement" which constituted a "slander and libel upon the title of the plaintiffs." Furthermore, some time subsequent to the filing of the original petition, the amendment heretofore referred to was filed. This amendment, it will be seen, is plainly an attempt to state a

cause of action for slander of title, with no elements of malicious prosecution. We have reached the conclusion that the petition in this case was an attempt to state a cause of action for slander of title.

Since this conclusion has been reached we must consider the question of whether the motion relied on was privileged. There can be no doubt that the motion was a proceeding filed in a case pending in court. See *Weller v. Farmers Alliance Ins. Co.*, 132 Kan. 577, 580, 296 Pac. 336, where it was said:

"'Ordinarily a mortgage cannot be said to be foreclosed until the mortgagor's equity of redemption has been cut off or the last step provided for in the process has been taken.' (41 C. J. 889.)"

On the question of privilege the rule is laid down in 37 C. J. 132 as follows:

"As in case of defamation against the person, it is held that defamatory matter published in due course of a judicial proceeding pertinent or material to the inquiry is absolutely privileged and will not sustain an action for slander of title."

The matter has been settled in this state in *Bugg v. Insurance Co.*, 114 Kan. 549, 220 Pac. 258, where it was held that the material and pertinent allegations in a pleading or motion filed in court are absolutely privileged, even though maliciously made and willfully false.

This rule was followed in *Stone v. Hutchinson Daily News*, 125 Kan. 715, 266 Pac. 78. We conclude, therefore, that the matter contained in the motion was privileged and cannot be made the basis of an action.

Reference has been made to the amendment that was filed to the petition. This amendment contained certain statements which it was alleged the president of the bank had made concerning the title of plaintiffs to the real estate in question. Plaintiffs argue that these statements were not privileged and are sufficient upon which to base a cause of action. The trouble with that argument is that the amendment was filed after the statute of limitations had run. The failure of the first petition to state a cause of action was due to a matter of substance and not of form. Under such circumstances the petition did not toll the statute, and matter pleaded after the statute had run was not filed in time. (*Beneke v. Bankers Mortgage Co.*, 119 Kan. 105, 237 Pac. 932.)

The judgment of the trial court is affirmed.