No. 32,809

ODA COATS, *Appellee,* v. THE KANSAS GAS & ELECTRIC COMPANY, *Appellant.*

(57 P. 2d 41)

Opinion filed May 9, 1936.

*Albert Faulconer, Kirke W. Dale* and *C. L. Swarts,* all of Arkansas City, for the appellant.

*George W. Stanley,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover money. Judgment was for plaintiff. Defendant appeals.

The action was started in the city court of Arkansas City. The bill of particulars alleged that defendant operated a high-power electric line running across the east side of plaintiff's property. The bill of particulars alleged further that defendant "while trespassing upon plaintiff's property" trimmed certain trees belonging to plaintiff in such a manner that some were killed and others would die on account of defendant's unlawful, willful, negligent and careless trimming. The bill of particulars further alleged that defendant did not have any right to come upon plaintiff's property and that at the time it trimmed the trees it was trespassing upon plaintiff's property. The bill of particulars prayed for damages in the sum of $900.

On the day the case was set for trial defendant filed its bill of particulars, in which after admitting its incorporation and that it was operating an electric line it denied the other allegations of the bill of particulars of plaintiff. This bill of particulars further alleged that it was operating a pole line for the transmission of electric current along the road adjacent to the property of plaintiff; that there was a row of trees along the side of the land, the branches of which extended into the highway and that the branches of the trees came in contact with the poles, crossarms and transmission lines of defendant, causing these wires to short-circuit and break, destroying continuous transmission of electric current to Arkansas City and other cities; that it was the duty of the plaintiff to remove this nuisance; that plaintiff failed to do so—hence, by reason of this failure, it became necessary for defendant to abate this nuisance which it did with the acquiescence of plaintiff; and that defendant expended the sum of $25 in so doing.

For cross petition against plaintiff defendant alleged that plaintiff caused this case to be set for February 21, 1935, and so advised defendant; that defendant, relying on this advice, prepared for trial by causing witnesses residing in Wichita to be at Arkansas City on February 21; that when defendant appeared in court on that day ready for trial it was notified that on a date prior to February 21 plaintiff had appeared in court and caused the case to be continued

to a date subsequent to February 21 and had not notified defendant of the change; that defendant expended $56.90 in having the witnesses in attendance in court and it was entitled to recover that sum from plaintiff. The bill of particulars of defendant prayed that plaintiff take nothing by this action and that defendant have judgment for $25 and for $56.90. At the same time that this bill of particulars was filed the defendant objected to the jurisdiction of the city court to try the case as made up by the pleadings. This objection was overruled and on that date the case was tried on its merits and a judgment rendered against defendant in the sum of $600 and costs. Later defendant filed its motion to set aside the judgment on the ground that the court had no jurisdiction to render such a judgment. This motion was overruled and defendant perfected its appeal to the district court of Cowley county. In that court defendant filed a motion to dismiss the action for the reason that the pleadings showed that the city court and the district court were without jurisdiction to try the action. This motion was overruled. From that order defendant appeals.

R. S. 61-106 limits the jurisdiction of a court such as the city court of Arkansas City in cases for trespass on real estate to $100. If this bill of particulars stated a cause of action for trespass upon real estate it asked and pleaded damages in excess of $100—hence the city court was without jurisdiction.

This court has said that every action must be based on some legal theory. (See *Davis v. Union State Bank*, 137 Kan. 264, 20 P. 2d 508; *Grentner v. Fehrenschield*, 64 Kan. 764, 68 Pac. 619; and *McDowell v. Geist*, 134 Kan. 789, 8 P. 2d 372.)

An examination of the bill of particulars of plaintiff discloses that it is founded upon the theory that defendant went upon the land of plaintiff where it had no right to go and that while thus unlawfully on the land of plaintiff it damaged some trees. Title in the plaintiff is alleged. This allegation carries with it a presumption of possession. (See *Land & Lumber Co. v. Tie Co.*, 79 Mo. App. 543.) Trees are a part of the real estate. No particular words are necessary to state a cause of action for trespass on real estate. (See 63 C. J. 978, § 149.) Clearly this bill of particulars stated a cause of action for trespass on real estate.

We have concluded, therefore, that the court erred in not dismissing the action on account of lack of jurisdiction of the city court. The judgment of the trial court is reversed with directions to dismiss the action.