## CIRCUIT COURT OF THE CITY OF RICHMOND

James G. Kennedy

v.

Lila Joanne Miller,
Phyllis Jean Douthat,
and Marta Camilo, etc.

August 2, 1979

Case No. G-3229-3

By JUDGE WILLARD I. WALKER

This case comes before the court on plaintiff's demurrer to defendants' cross-bill for slander of title. Plaintiff had filed a bill of complaint stating the following allegations pertinent to this opinion. Plaintiff and defendants had entered into a written real estate contract dated December 5, 1978, by which defendants had agreed to sell to the plaintiff a certain piece of real estate. Defendants had represented that the property was encumbered by a loan which could be assumed under its existing terms and provisions. This was a material misrepresentation of fact, since the loan was subsequently discovered to be nonassumable and closed to prepayment until January 1, 1983. Based on the contract and other representations of the defendants, plaintiff applied for a mortgage, retained an attorney for the closing, and incurred expenses in preparing for settlement. Plaintiff is ready, willing, and able to close the purchase in accordance with the contract. Based on these and other allegations, plaintiff prayed for specific performance and damages for the expenses incurred or, in the alternative, damages for the expenses

incurred and for the harm plaintiff would suffer if specific performance were not awarded.

In response to this complaint, the defendants filed a cross-bill for slander of title alleging in pertinent part that the terms and conditions of the contract were impossible of performance and that this had, therefore, discharged the parties and voided the contract. Defendants further alleged, in spite of advice to plaintiff by the defendants, that the contract was null and void, and plaintiff maliciously filed suit for specific performance thereby clouding title to the property and preventing defendants from reselling and/or leasing the property, all to their severe monetary damage.

Having reviewed counsel's memoranda of law and the pertinent cases, I am of opinion that plaintiff's demurrer should be sustained. The one Virginia case, *Ross v. Pynes*, Wythe 69 (1789), which has dealt with slander of title, is really not pertinent to the issue at hand. In that case the court found that the defendant's disparagement of plaintiff's title to property *in a letter* in which the defendant had given instructions to his agent was sufficient to support the cause of action for slander of title. Wythe at 71-72. The sole issue regarding the demurrer in this case, however, is whether or not the initiation of a judicial proceeding may be seen as a privileged publication and hence insufficient to sustain the action. (*See generally* 53 C.J.S., *Libel and Slander*, Section 269, *et seq.* (1948).)

Confusion has often arisen regarding the causes of action for libel and slander as opposed to that for slander of title. This is because of the unfortunate similarity in the names of the actions. It is generally accepted, however, that the. causes of action are unrelated in origin. Prosser, "Injurious Falsehood: The Basis of Liability," 59 Col. L. Rev. 425, 431 (1925); Prosser, *The Law of Torts*, § 128 at 917 (4th ed. 1971).

Though these actions are dissimilar in their foundations, the question arises whether or not they should be treated similarly concerning the issue of privilege. Though Virginia has not considered this point, law review articles, treatises, and courts which have considered it generally agree that those privileges available in actions for defamation are also available in actions

for slander of title. Note, "Injurious Falsehood - An Expanding Tort," 33 Geo. L. J. 213, 221 (1945); Note, "The Law of Commercial Disparagement: Business Defamations' Impotent Alley," 63 Yale L.J. 65, 85 (1953); Note, "Torts: Injurious Falsehood: Nondefamatory Words Causing Harm," 28 Cornell L. Q. 226, 231 (1943); 50 Am. Jur. 2d, *Libel and Slander,* § 547 (1970); 53 C.J.S., *Libel and Slander,* Sect. 277 (1948); *Restatement of Torts* 2d, § 635 (1977); Prosser, *The Law of Torts,* § 128 at 924 (4th ed. 1971); *Albertson v. Raboff,* 46 Cal. 2d 375, 295 P.2d 405, 408 (1965); *Buehrer v. Provident Mutual Life Ins. Co.,* 123 Ohio St. 264, 175 N.E. 25, 28 (1931) [hereinafter *Buehrer*]; *Davis, et al. v. Union State Bank,* 137 Kan. 264, 20 P.2d 508, 510 (1933) [hereinafter *Davis*]; *Lann v. Third National Bank in Nashville,* 198 Tenn. 70, 277 S.W.2d 439, 443 (1955); *Maginn v. Schmick,* 127 Mo. App. 411, 105 S.W. 666, 668 (1907) [hereinafter *Maginn*]; *Stewart v. Fahey,* 14 Ariz. App. 149, 481 P.2d 519, 520 (1971). Relying on these authorities, it is my opinion that the privileges available in Virginia for defamation actions are also available for slander of title actions.

An action for defamation may not stand where the matter complained of was part of a judicial proceeding and was relevant and pertinent to the relief sought. *Penick v. Ratcliffe,* 149 Va. 618, 627, 635, 140 S.E. 664, 667, 669 (1927) [hereinafter *Penick*]; 12A M.J., *Libel and Slander,* §§ 19-20 (1978); Annot., 38 A.L.R.3d 272, 294 (1971). The purpose behind this privilege is the public policy demand that "within all reasonable limits a litigant should have the right to state his case as he sees it." *Penick,* 149 Va. at 635. This also serves the "public interest in affording everyone the utmost freedom of access to the courts." Prosser, *The Law of Torts,* § 114 at 778 (4th ed. 1971); *Penick,* 149 at 632.

Even without application of the liberal rule of relevancy which is accepted in Virginia, *Penick,* 149 Va. at 635; *Massey v. Jones,* 182 Va. 200, 208, 28 S.E.2d 623, 627 (1944) [hereinafter *Massey*]; 12A M.J., *Libel and Slander,* § 19 at 73 (1978), it seems obvious that the allegations in plaintiff's pleadings were relevant and pertinent to the judicial proceeding initiated by the plaintiff. The Virginia Supreme Court has recognized that "the matter to which the privilege does not extend

must be so palpably wanting in relation to the subject matter of the controversy that no reasonable man can doubt its irrelevancy and impropriety" and that whenever the matter is in doubt it must be construed as relevant and pertinent. *Penick*, 149 at 635, and *Massey*, 182 Va. at 207. *See also* Annot., 38 A.L.R.3d 272 (1971). Whether or not the contract sued upon in this case was obviously null and void as the defendant appears to claim in his cross-bill is of no consequence:

> For purposes of relevancy we must assume the charges. . . [in the plaintiff's pleadings] to be true, however false they may have been in fact. The law of the case is not changed by the facts that these charges are in reality false. . . nor by the further facts that they were made maliciously and with full knowledge of their untruthfulness, if such was the case. *Penick*, 149 Va. at 636.

Restricted by this rather liberal limitation of relevance and pertinence to the action at hand, the privilege, if found, is absolute. *Penick*, 149 Va. at 632. Courts in other jurisdictions considering slander of title have similarly limited the protection of absolute privilege for statements made in the course of a judicial proceeding, which statements are relevant and pertinent to that action. *Buehrer*, 175 N.E. at 28; *Davis*, 20 P.2d at 510; *Maginn*, 105 S.W. at 667.

Since "[a] absolute [sic] privileged communication is one for which an action will not lie. . . ." *Penick*, 149 Va. 636 (quoting *Spencer v. Looney*, 116 Va. 767, 82 S.E. 745 (1914), it seems proper to sustain plaintiff's demurrer. Though the defendant in *Penick* had entered both a demurrer and a special plea of privilege, the court appeared to rule for the defendant on the sole basis of his plea without deciding the question of whether or not his demurrer had been properly overruled by the lower court. In the court's discussions regarding absolute privilege, however, it appears obvious that just as the plea of absolute privilege was a proper and complete defense by itself, an absolutely privileged communication would be insufficient to sustain an action. *Penick*, 149 Va. 633,

636. Though privilege is usually specially pleaded, if the privilege is apparent on the face of the complaint, it would seem proper to demur to the complaint as failing to state a cause of action.

> The justification for libel and slander is usually set forth in a defense, and is specially pleaded. This is so because usually the plaintiff's action is based upon defamatory language, and no allusion is made in his pleading to any defense which the defendant may interpose. But when the plaintiff in his own pleading in an action for libel sets forth a complete justification of the plaintiff by way of absolute privilege, as fully as the defendant might have done, then it cannot be said that the plaintiff has set forth a cause of action justifying recovery . . . . This court has held that when material and relevant statements are made in a pleading in a judicial proceeding no action will lie therefor, although the statements may be defamatory. *Buehrer*, 175 N.E. at 28.

Plaintiff's demurrer to defendant's cross-bill for slander of title is hereby sustained.